# SUPREME COURT.

## Mann and Savage agt. Brooks.

Where a defendant, in the statement in writing made necessary by section 383 of the Code (judgment by confession) states that he on a certain day made and delivered to the plaintiff a note or bond, for the payment of a certain sum, he " states concisely the facts, out of which the debt or demand arose;" and if he verifies that statement by his oath, he does all that section 383 requires of him. (*The case of Plummer agt. Plummer, ante page* 62, *not concurred in; also adverse to the next preceding case.*)

A debt o demand arises on a note or bond the moment it is made and delivered to the payee.

The difference between § 383 and the 8th *section of ch.* 259 *of the laws of* 1818, pointed out, and the difficulties in a proper construction of § 383 of the Code stated.

This court have full power, under § 173 of the Code to order an amendment of a judgment record, as of the day the record was filed. And this question of amendment is between the plaintiff and defendant. No notice is necessary to be given to other judgment creditors of the defendant.

A feigned issue should not be directed upon a motion to set aside the judgment where the notice of motion merely asks (in addition to the principal motion) " for such further or other relief as the court may grant."

would tend to prevent surprise if the court would not listen to a prayer, until the petitioner has discovered and is able to give notice of what he wants.

*Saratoga Special Term, February* 1853.   On the 27th of July 1852, a judgment on confession was entered in this cause in the county of Albany, for $1827·32 and five dollars costs.   The confession stated that the indebtedness arose on a promissory note, payable to the plaintiffs and dated the 15th of July 1852, and the confession was verified by the defendant's affidavit.   On the fifth of November 1852, the defendant made an affidavit that the said note was given for a balance of an account for goods pur chased by the defendant of the plaintiffs, and for money borrowed of them, and that the whole sum mentioned in the note was justly due from him to them when the note was given, and no part thereof had been paid.   On that affidavit, at a special term of the Supreme Court held in the city of Albany, on the 26th of November 1852, a rule was granted that the judgment record in the above cause be, and the same was thereby amended by filing the last mentioned affidavit with the said record *nunc pro tunc*, as of the date of filing said record, and that the clerk file the same accordingly, and execution was issued on the said judgment, and levied on the defendant's goods on the 30th day of July 1852.

A motion is now made on behalf of George C. Burditt and John L. Streit, to set aside the said judgment and execution, on the grounds, as is alleged in the notice of motion, that the judgment is fraudulent and was designed to defraud the said Burditt and Streit; that the facts out of which the indebtedness arose, do not sufficiently appear in the statement in the judgment roll, for the reason that the judgment roll has been altered without notice to said Burditt and Streit or their attorney.   The notice of motion is dated on the 1st of December 1852, which was after the roll was amended.   The affidavit on which the motion is made was made after the amendment, but it contains no notice of the amendment.   The notice, however, states that the motion will be made on the affidavit and on the judgment roll, and on such other affidavits and papers as should thereafter be served on the plaintiffs' attorney.

Mann and Savage agt. Brooks.

JOSEPH POTTER, *for Motion.*

WM. D. WHITE and WM. A. BEACH, *Opposed.*

CADY, Justice.—The principal affidavit on which the motion is made on behalf of Messrs. Burditt and Streit is made by their attorney, who has not sworn to a single fact within his own knowledge tending to show any fraud *in fact*, except as to the proceedings on the part of his clients; he speaks of information and belief, and if a feigned issue was awarded, he could not be a witness to prove a fact in the case, except what he had done for his clients. In addition to the affidavit of the attorney, the affidavits of Archibald Bull, Messrs. Burditt and Streit and J. H. Sterne, have been read. Mr. Bull swears that the defendant in July 1851, declared that he owed no one any thing. J. H. Sterne proved the same thing. These witnesses could not be sworn on the trial of a feigned issue unless Brooks should be sworn on the part of the plaintiffs, and then for the purpose of impeaching him in case he should deny having made the declaration; and Messrs. Burditt & Streit only swear that they trusted the defendant on the representations he made to J. H. Sterne, and that no notic' of a motion to amend the record has been served on them. They could not be witnesses on the trial of a feigned issue between them nd the plaintiffs; and Mr. Burditt, although he has been at the plaintiffs' store and was offered an inspection of the accounts between the plaintiffs and the defendant, he has not said a word impeaching the fairness of the plaintiffs' judgment; and it is proved by the affidavit of George H. Olmstead, that in August last, Mr. Burditt expressed himself to be perfectly satisfied with the justice and correctness of the plaintiffs' claim against the defendant, and according to the affidavits which have been read, there can not be a reasonable doubt as to the justice of the plaintiffs' claim, and I apprehend that the only question is whether there are such defects upon the face of the record as to make it the duty of the court to set aside the judgment and execution.

It is claimed on the part of Messrs. Burditt & Streit, that the judgment must be deemed fraudulent and void as to the creditors of the defendant, because the statement made by the defendant,

and verified by his oath, is not such as is required by chapter 3, title 12 of the Code. There is some difficulty in ascertaining the meaning of all the enactments in that chapter. Section 382 authorizes a judgment by confession " in the manner prescribed by that chapter." By section 383, " A statement in writing must be made, signed by the defendant and verified by his oath to the following effect:"

1. "It [what? the statement in writing,] must state the amount for which the judgment may be entered and authorize the entry of judgment therefor."

" 2. " If it [the statement in writing] be for money due or to become due, it [the statement in writing] must state concisely the facts out of which it [the statement in writing] arose, and must show that the sum confessed therefor, is justly due, or to become due." The word *it* is used three times in the second subdivision of section 383, and it is difficult for me to say with entire confidence, what is its meaning when last used. The counsel for the parties on whose behalf the motion is made, reads the words, " out of which *it* arose" " out of which *the debt* arose;" but where is the authority for substituting the words " the debt," instead of the word " it"? The word debt, is not used in the chapter. The second subdivision of section 383 may be read as follows: If it [the confession] be for *money* due, or to become due, it [the confession] must state concisely the facts out of which it [the confession] [or the money] arose; but if the subdivision can be so read, the legislature has not declared what the consequence of the non compliance with the terms of the law shall be.

The chapter does not contain an intimation for whose protection the confession or statement in writing must " *state concisely the facts out of which it arose.*" It has been assumed, that unless the statement in writing, or confession, be as required by section 383, the judgment is to be deemed fraudulent as to the creditors of the party making the confession; but the legislature have not so enacted. As a general rule, when the legislature undertake to regulate the practice in an action, it is only the parties to the action who have a right to complain in case the requirements of the statute be not complied with. The Code prescribes how and when notice of trial or of a motion, shall be

Mann and Savage agt. Brooks.

given, but it does not declare what the consequence shall be, if the notice be not given as required. But according to the practice under that enactment, only the parties on whom the notice is served, can object to it; a creditor would not be allowed to impeach the judgment, because the defendant, his debtor, did not prevent a trial and judgment by objecting that legal notice of trial had not been given. The Court of Kings Bench, in the 4 Geo. 2, made a rule that a warrant of attorney to confess judgment made by a party in custody, should not be valid unless there was present " some attorney on behalf of such person in custody, expressly named by him, and attending at his request " (Hutson vs. Hutson, 7 *Term Rep.* 7). This rule was for the protection of the party giving the confession, and not his creditors, and to protect the party giving a warrant of attorney to confess judgment. The legislature as early as the 27th of February 1788, passed an act prohibiting the entry of a judgment in virtue of any warrant contained in any bond, bill, covenant, or other contract (2 *Greenleaf's edit. of the Laws,* 111. § 24).

The counsel for the parties, on whose behalf the motion to set aside the judgment in this case is made, insists that the same construction is to be given to section 382 of the Code, as was required to be given to section 6 of chapter 259 of the Laws of 1818. That section made it necessary for the plaintiff or his attorney, in a judgment by confession, at the time of filing the record, to put on file, signed by him or his attorney, a particular statement and specification of the nature and consideration of the debt or demand on which such judgment was confessed; and in case such demand should arise on note, bond or other specialty, such statement and specification should particularly set forth the origin and consideration of the same; and if the fairness or validity of such judgment should afterwards be drawn in question, the parties making such specification should be bound and concluded thereby, and should not be allowed thereafter to set up or insist on any consideration for such judgment, not contained in such statement and specification, and if the plaintiff in such judgment should omit to file such statement or specification, *such judgment should be taken, decreed and adjudged fraudulent, as respected any other bona fide judgment creditors, and*

*any bona fide purchaser, for valuable consideration, of any lands bound or affected by such judgment.*

It was obvious upon the face of this enactment, for whose benefit it was intended, and the consequences of a non compliance with the law, are distinctly stated, and the meaning of the legislature is expressed in that section with such perspicuity that an attorney could readily understand what the statement or specifiation thereby required should contain. If that part of the section which follows the word *confessed*, had been omitted, the residue of the section would have required a statement or specification as particular as is made necessary by section 383 of the Code.

The words of the 8th section in the act of 1818, which immediately follow the word confessed, are, " and in case such demand shall *arise* on a note bond or other specialty, such statement or specification shall particularly set forth the origin and consideration of the same." These words show that if the statement or specification had set out a note, bond or other specialty, as the nature and consideration of the debt or demand, on which the judgment was confessed, that part of the section before the word confessed would have been satisfied. A debt or demand arises on a note or bond the moment it is made and delivered to the payee; and when a defendant in the statement in writing made necessary by section 383 of the Code, states that he on a certain day made and delivered to the plaintiff a note or bond, for the payment of a certain sum, he states concisely the facts out of which the debt or demand arose;" and if he verifies that statement by his oath, he does all that section 383 requires of him. I am aware of the opinion given by a distinguished justice of this court in the case of Plummer agt. Plummer (7 *How. Pr. R.* 62), in which a construction is given to the second subdivision of section 383 as comprehensive as was given to section 8, chapter 259 of the laws of 1818; but to my mind, there is an important difference between the two sections. That difference has already been noticed; in the case of Plummer agt. Plummer the record had not been amended before the motion was made; in this case, the record was amended before notice of the motion was given. In this case then, the motion may be *denied*, even

should it be conceded that the case of Plummer agt. Plummer was correctly decided.

The commissioners of the Code, in their report referred to in the case of Plummer agt. Plummer, when speaking of judgments by confession, say, " without prohibiting this kind of security, it is deemed expedient in order to prevent the abuse of it, to require, in all cases, a statement of the grounds and *consideration of the judgment to be made*, and sworn to, and to have this a part of the judgment, so that its purpose and intent can not be denied and concealed." There is as much difficulty in understanding this part of the report, as there is in discovering the meaning of section 383 of the Code. Had that section, like the report, " required a statement of the *true grounds and consideration of the judgment*," would not that requirement have been literally complied with, by the statement in writing originally filed in this cause, and the affidavit of the defendant, that the sum for which the judgment was confessed, *was justly due to the plaintiffs?* According to the report of the commissioners, all they intended to require was that a statement of the true grounds and *consideration of the judgment should be made*, and sworn to. It can not be denied that the note mentioned in the statement in this case, was the *true ground and consideration of the judgment*, and if the commissioners or the legislature, in 1848, had intended that if a judgment was confessed on a " note, bond or other specialty," the consideration of such note, bond or specialty should be stated, they would, as the legislature in 1818 did, have said, " in case such demand shall *arise* on a note, bond or other specialty, such statement or specification shall particularly set forth the origin and consideration of the same." I can not persuade myself that any sound rule of interpretation will allow the same construction to be given to section 383 of the Code, as was necessarily given to the 8th section of the act of 1818, above mentioned; and that section was repealed because experience showed it was productive of no good effect, and that more honest men than rogues suffered by it. A man who is knave enough, deliberately to confess a judgment with intent to defraud his creditors, can easily be tempted to make any affidavit to uphold the judgment. The commissioners in their report, already no-

ticed, say: " Not only are judgments by confession perverted to fraudulent ends, under the existing laws, but the form of confessing is an *idle ceremony*," and then give a graphic description of the manner in which a judgment might be confessed to defraud creditors. Mortgages or conveyances of real or personal estate, can be made with as much facility to defraud creditors, as judgments can be confessed, and is it certain that since the Code became the law of the land, judgments to defraud creditors may not be entered up with as much facility as they could before? Although chapter 3, title 12 of the Code, may have been intended by the commissioners to close the door against fraudulent judgments; yet chapter 4 of the same title, seems to have opened the door as wide as it was immediately preceding the Code.   Chapter 3 authorizes the confession of judgments without action; but chapter 4 authorizes the confession of judgment in an action founded on contract, and how many more seconds of time will it require to obtain a judgment under chapter 4 than under chapter 3? Under chapter 4, a summons and complaint must be served, and the defendant may instantly serve upon the plaintiff an offer (not a confession) in writing, to allow judgment to be taken against him for the same, as to the effect herein specified.   The plaintiff may instantly accept the offer, file the summons, complaint and offer, with an affidavit of notice of acceptance, and the clerk shall thereupon enter judgment accordingly.   To obtain a judgment under chapter 4, there must be a summons, complaint, and affidavit of service, the defendant's offer to allow judgment to be taken against him, notice of acceptance and an affidavit of notice of acceptance, and on filing these papers, the clerk enters judgment.   It is true, that to obtain a judgment under chapter 4, requires one more affidavit and a number of other papers not necessary under chapter 3; but an attorney with printed forms, could perfect a judgment under chapter 4, almost as soon as the statement required by chapter 3, could be made.

The important difference between the two chapters seems to be, that by chapter 3, there must be a statement in writing, showing the consideration of the judgment, and an affidavit of the defendant showing that the sum for which the confession is given, is justly due, or to become due to the plaintiff.

Mann and Savage agt. Brooks.

Under which chapter would a rogue who wished to defraud his creditors, but was not quite ready to commit perjury, confess a judgment? The answer must be, under chapter 4, and I can not discover any benefit that will be secured to creditors by giving to chapter 3 the construction asked for by the parties who make this motion. The case of Lawless vs. Hackett (16 *J. R.* 149), was decided under a statute, as I have attempted to show, different in its provisions from section 383 of the Code, and can not govern this case. But suppose I am in error as to the construction of section 383, was not the record in this case rightfully and sufficiently amended? The record in this case was filed in the city of Albany, in the third judicial district. The Supreme Court at a special term in that district, ordered the record to be amended, as of the day the record was filed. That court had full power to order the amendment, under section 173 of the Code.

But, it is said, that amendment was made without notice to Messrs. Burditt & Streit; there is no evidence that the plaintiffs knew that Messrs. Burditt & Streit had a judgment against the defendant in this suit. The plaintiffs were under no greater obligation to give Messrs. Burditt & Streit notice of their motion to amend the record, than Messrs. Burditt & Streit were to give the plaintiffs notice that they had a judgment against the defendant. The question whether the record should be amended or not, was a question between the plaintiffs and defendant. If Messrs. Burditt & Streit were entitled to notice of the plaintiffs' motion to amend, this, instead of a motion to set aside the judgment, should have been a motion to set aside the order to amend, on the ground that the plaintiffs were ·not served with notice of the motion to amend. I must upon this motion take it for granted that the motion to amend, was regularly made, and the order rightfully granted. It is asked on the part of Messrs. Burditt & Streit, that if the motion to set aside the judgment be not granted, that a feigned issue be directed to try the question of fraud. The notice of motion contains no notice that a feigned issue would be asked for, but the notice does state that "they will ask for such further or other relief as the court may grant." Relief has sometimes been granted on a notice as general as this, but I am inclined to believe that it would tend to prevent sur-

prise, if the court would not listen to a prayer, until the petitioner has discovered, and is able to give notice of what he wants. But what evidence has Messrs. Burditt & Streit furnished in this case, which would justify the court in awarding a feigned issue? Messrs. Burditt & Streit have, as has already been stated, both made an affidavit, which has been read, and in which they have not expressed even a belief that the plaintiffs' judgment was fraudulent, or without a good and sufficient consideration; nor have they read the affidavit of any person, who has testified to a fact which would be evidence against the plaintiffs, that their judgment is without consideration. I am of opinion that it would be an improper exercise of the discretion of the court, to grant a feigned issue. I therefore deny the motion to set aside the judgment or grant a feigned issue, with ten dollars costs, to be paid by Messrs. Burditt & Streit, to the plaintiffs.