Bryant v. Harding.

---

BRYANT *et al.*, Plaintiffs in Error, v. HARDING *et al.*, Defendants in Error.

1. Where a judgment by confession is rendered, under a power of attorney from the debtor, as authorized by the 24th section of the 12th article of the act concerning practice (R. C. 1855, p. 1283,) the affidavit required of the plaintiff must be made by himself; the attorney in fact or agent of the plaintiff in the confessed judgment can not make the required affidavit.
2. Where a judgment is confessed irregularly, other judgment creditors are entitled to have the same set aside on motion.

*Error to Clay Circuit Court.*

On the 27th of April, 1858, one Murray gave James H. Moss a power of attorney to confess a judgment against him in favor of Roger E. Harding, George C. Kimbrough and

Richard F. Toomer. At the April term, 1858, of the Clay circuit court, a judgment was confessed under this power. The affidavit on the part of the plaintiffs in the judgment, Harding, Kimbrough and Toomer, was made by their agent Thomas McCarty. At the same term Edward V. Bryan and others, alleging that they were judgment creditors of Murray, moved the court to set aside the judgment by confession on the ground that plaintiffs therein had not made affidavit as required by law. The court overruled the motion.

*Hovey*, for plaintiffs in error.

I. The judgment by confession ought to have been set aside. The plaintiff and not the agent must make the affidavit. (R. C. 1855, p. 1282, § 24.)

*Parsons & Edmunds*, for defendants in error.

I. The affidavit was sufficient. It was as valid as if made by the plaintiffs themselves or either of them. The plaintiffs in this motion could not take advantage of any irregularity in the judgment, if any existed, by motion. Their remedy was in the nature of a bill in equity. The motion was properly overruled.

EWING, Judge, delivered the opinion of the court.

The question in this case involves the interpretation of section 24 of article 12 of our practice act, respecting the confession of judgments. Was the agent of the defendants in error authorized to make the affidavit required by the statute in such cases? The statute authorizes a judgment by confession, for a debt owing upon a note, bond, or bill of exchange, under the power of attorney of the debtor acknowledged as required of deeds of land for their record and filed in the court rendering the judgment at the time of its rendition, together with the note, bond or bill of exchange and the affidavit of the *plaintiff* that the debt is *bona fide*, for a fair and valuable consideration after allowing all just credits and set-offs.

The restrictions imposed by the statute were designed to insure good faith and to prevent fraud ; and, although there may be cases in which an agent could make the affidavit advisedly and with as much propriety as the plaintiff himself, yet, in the abuse that would obviously result in others, we find a sufficient reason for not extending the interpretation of the statute beyond the literal import of its terms, and for not inferring an intent unwarranted by their plain sense. It is not pretended that there is any *express* authority for an agent of the plaintiff to make the affidavit ; and it is not perceived how it can be reasonably implied from any thing in the statute. On the contrary, the intent of the legislature would seem not to be susceptible of a clearer expression than is contained in the section quoted, without the use of language expressly negativing such authority. It will be observed that the first clause of the section is very specific as it respects the confession of judgments by the debtor under power of attorney and the manner in which the power is to be authenticated ; but when, in the last clause, it provides what is to be done by the creditor, there is nothing whatever said about an agent ; thereby showing that, in expressly recognizing the intervention of an agent in the one case and not in the other, it was not intended that the affidavit should be made by another than the plaintiff in *propria persona*. This view is also sustained, we think, by another provision of the practice act, which expressly permits a *pleading* to be verified by the affidavit of the party, his agent or attorney. (R. C. 1855, p. ——, art. 6, § 20,) which makes the silence of the provision we are considering respecting an agent more significant of the legislative intent.

The proceeding by motion to set aside the judgment was a proper one, and there is nothing in the objection of counsel on this point.

The judgment is reversed ; the other judges concurring.