How, Plaintiff in Error, v. DORSCHEIMER, Defendant in Error.

1. A confession of judgment which sets out a promissory note as the consideration, is subject to be set aside by other judgment creditors of the judgment debtor; but such a confession of judgment is valid as between the parties thereto.

*Error to Greene Court of Common Pleas.*

*Richardson & Waddill*, for plaintiff in error.

I. The court below ought to have set aside the judgment because the statement did not set out concisely the facts out of which the debt arose, on which the note was given, and because the statement as to the account is insufficient, giving no particulars nor items, and is a mere evasion of the statute under which it was made. (R. C. 1855, p. 1282, § 22.) A statement that the account is for " goods and merchandise," and that the debt is " by note dated January 11, 1859, for the sum of two hundred and six dollars and twenty-five cents, payable four months after date," is insufficient. (Bryan v. Miller, 28 Mo. 32.) To justify a judgment by confession, the defendant must set out under oath a " particular and specific statement of the facts out of which the indebtedness arose." (Dunham v. Waterman, 17 N. Y. 9.)

*Parsons*, for defendant in error.

I. One member of a firm can bind all his copartners in the firm. (3 Kent Com., side pages, 41, 44.) Judgment confessed by Brown was conclusive except as to partners. (Bouvier on Part. § 8.) Confession of the judgment was

23—VOL. XXXI.

made in accordance with the meaning of the statute, by the note and account being filed with the written statement and attached to the confession of judgment. (R. C. 1855, p. 1282, § 22.)

II. Plaintiff in error, as a judgment creditor of Brown, could suffer no injury by a judgment against the firm of Brown & Warren unless it had been made to appear that the firm aforesaid was insolvent and that the judgment against said firm would have operated on the effects of the said Brown individually; debts of a firm must be paid before division. (3 Kent Com., side pages, § 64, 65.)

III. When a judgment by confession is rendered, upon a verified statement, defective in that it did not sufficiently set forth facts out of which the liability grew, it is not a nullity and its validity can not be questioned collaterally. (26 Mo. 280.)

NAPTON, Judge, delivered the opinion of the court.

A confession of judgment, upon a statement which merely sets out a promissory note as the consideration of the indebtedness, is subject to be set aside at the instance of other judgment creditors of the judgment debtor. But the judgment confessed is not a nullity; it is good and valid between the parties, and the party applying to have it vacated must show that his rights are affected by letting it stand. (Bryan v. Miller, 28 Mo. 32; Gilman v. Hovey & Buchanan, 26 Mo. 288.)

· The confession of judgment in this case was made by a partnership firm, Brown & Warren. The application to set it aside is made by a judgment creditor of Brown, one of the partners. The partnership property is liable to the partnership debts, and until the partnership debts are paid an individual indebtedness of one of the partners can not be made out of the partnership effects. It does not appear from any testimony in this case, that the judgment creditor of Brown could be at all injured or in any way affected by Dorscheimer's judgment against the partners, Brown & War-

ren.  If it can be satisfied out of the partnership effects of Brown & Warren, without the necessity of touching any individual property of Brown, the judgment creditor of Brown has no interest in it, one way or the other; for he could not touch the partnership effects until the partnership debts were paid.  So if Brown has no property beyond the partnership property, a judgment creditor of him alone could have no interest in defeating the priority of a partnership claim or judgment against him and his partner.  If, however, it appeared that the partnership claim would exhaust the partnership effects, and that the individual partner against whom there was a separate individual judgment had property outside of the partnership, the judgment creditor of the partner might call upon the court to postpone the judgment creditor of the firm after he had exhausted the partnership effects.  But no such case was made out in the application submitted to the court below, and the judgment is therefore affirmed.

Judge Ewing concurs.  Judge Scott absent.