JOHN D. A. MURPHY, plaintiff in error, *vs.* JOSEPH CREW, *et al.*, defendants in error.

Both plaintiff and defendants in error had issued attachments against Joseph A. Crew, and each had served J. Sibly & Sons with summons of garnishment. The garnishment in favor of Bruce & Co. was first served. Bruce & Co., after Murphy had obtained judgment on his attachment, dismissed their attachment in vacation. At the next term of the Court, they were permitted, with the consent of the defendant in attachment, to reinstate their case:

*Held*, that they lost their priority over Murphy by dismissing the attachment, and that they could not regain it by reinstating their case.

Attachment. Priority of liens. Decided by Judge GIBSON. Richmond Superior Court. June Term, 1868.

E. M. Bruce & Co. sued out an attachment against Crew, and had garnishment served on Josiah Sibley & Sons. Afterwards, Murphy, also, sued out attachment against Crews, and had garnishment served on said garnishees. Murphy obtained judgment against Crews, in June, 1867, for $131 88, and interest. The garnishees answered that they owed Crews $4,033 57; stated that E. M. Bruce & Co. had, also, previously served them with garnishment, and prayed the protection of the Court.

On the 5th of June, 1868, the attachment of E. M. Bruce & Co. was, by their attorney, dismissed, there never having been a trial upon it. Afterwards, the attorney of E. M.

Bruce & Co. moved to reinstate their attachment. Crew's attorney was willing to this, but Murphy's objected, and moved the Court to allow him to enter a judgment against the garnishees for the amount of his judgment.

The Court ordered the attachment of E. M. Bruce & Co. reinstated, and refused to allow Murphy to enter said judgment. Why E. M. Bruce & Co.'s attachment was dismissed, what was the amount claimed therein, and upon what ground it was reinstated, do not appear.

Attorney for Murphy assigns for error the reinstating of said attachment, and the refusal to allow him to enter judgment as prayed for.

H. W. HILLIARD for plaintiff in error.

W. T. GOULD, JOHNSON & MONTGOMERY, for defendants in error.

BROWN, C. J.

The single question presented by this record is, whether E. M. Bruce & Co., who lost the priority which they had obtained over Murphy by the first service of their attachment, by serving Josiah Sibly & Sons with summons of garnishment, regained that priority, by obtaining the consent of the defendant in attachment, and the leave of the Court, to reinstate their case on the docket? We think not.

While we do not question the right of the Court to grant the order to reinstate the case, both plaintiffs and defendants consenting, we hold that this could only be done subject to the rights which third persons had acquired in the meantime. When E. M. Bruce & Co. dismissed their attachment, Murphy's right to priority attached immediately, and that right could not be divested by reinstating their case at the next term of the Court. As to the general doctrine on this subject, see Revised Code, 34–45; 5 *Ga.*, 527; 18 *Ga.*, 287.

Judgment reversed.