THE SOUTHERN BANK OF MISSOURI, Defendant in Error, *v.* McDONALD, Garnishee, Plaintiff in Error.

1. *Garnishment, judgment in — Judgment creditors — Motion to set aside judgment in garnishment by.* — After return day of an execution, plaintiff garnisheed a debtor of defendant. The garnishee appeared and answered the interrogatories, and judgment was obtained against him. *Held,* that the judgment was irregular, and should not have been entered; that the garnishee stood as though he had voluntarily appeared and answered interrogatories without notice, and that judgment creditors of defendant in execution, when he was shown to be insolvent and the judgment in the garnishment stood in the way of the collection of their claims, had such an interest in the suit against the garnishee as would authorize them to intervene by a motion to set aside the judgment on the garnishment.

## *Error to St. Louis Circuit Court.*

*Lackland, Martin & Lackland,* for plaintiff in error, cited McDonald v. Gronefeld, 45 Mo. 28 ; Bryant v. Harding, 29 Mo. 347 ; Bryan v. Miller, 28 Mo. 32 ; How v. Dorsheimer, 31 Mo. 349.

*E. A. Lewis,* for defendant in error, cited Martin v. Michael, 23 Mo. 50 ; Bentley v. Goodwin, 38 Barb., N. Y., 633 ; Melville v. Brown, 1 Harrison, 363 ; Brinkerhoff v. Brown, 4 Johns. Ch. 671 ; Hadden v. Spader, 20 Johns. 555 ; Perpet. Ins. Co. v. Cohen, 9 Mo. 421, 441 ; Smith v. Chapman, 6 Porter, 365 ; Betts v. Brown, 5 Ala. 414 ; Weimer v. Pritchett, 16 Mo. 252 ; Gates v. Kirby, 13 Mo. 175 ; Weil v. Tyler, 38 Mo. 558 ; Gen. Stat. 1865, p. 671, § 19.

BLISS, Judge, delivered the opinion of the court.

The plaintiff obtained a judgment against defendant, Dennis McDonald, for some $11,000 ; issued execution, and sold property to satisfy it in part, and, after the return day of the execution, garnisheed said James McDonald, and, upon his acknowledgment that he had money in his hands belonging to said Dennis McDonald, obtained judgment against him, as garnishee, for some $2,900. Calloway and Robbins also obtained judgments against said Dennis McDonald, and appeared in court

and opposed the rendition of the judgment against the garnishee, and afterward filed a motion to set it aside, upon the ground that the execution, having expired, was a nullity; but the court below upheld the execution, and held also that said Calloway and Robbins were outsiders, and had no such interest as would authorize their intervention. For this ruling the said Calloway and Robbins prosecute this writ of error. The record is complicated with many other proceedings that do not materially affect the question, and their history is unnecessary.

Since the decision in McDonald v. Gronefeld, 45 Mo. 28, it is not claimed that the extension of executions by the act of March 23, 1863, had any other effect than to extend the time in which land that had been levied on might be sold, and that it did not authorize a new levy after the ordinary time for the return; nor could it authorize a garnishment after such period. The judgment, then, against James McDonald, in garnishment, was irregular, and should not have been entered.

Had, then, Calloway and Robbins any such interest as to authorize them to thus interfere in the present suit and prevent the execution of this irregular judgment? They had each obtained judgments against Dennis McDonald, and served process of garnishment upon executions issued by them, and after its expiration, just as was done by the plaintiff. But perceiving the irregularity of this proceeding, they did not file interrogatories, but obtained a new execution, with a new service of garnishment upon said James McDonald, but could not obtain a judgment against him, for the reason that judgment had already been entered in favor of the bank. They then filed their motions to set aside the judgment, setting up its irregularity, also their own proceedings, and averring the insolvency of Dennis McDonald. Their motion was heard and granted, but the order granting it was set aside; the case was again docketed, and judgment again rendered against the garnishee.

The whole proceedings show that Calloway and Robbins, who make the motion and bring the record here by writ of error, are not only judgment creditors, but that their debtor is insolvent, and that the judgment upon garnishment, which they seek to set

aside, stands in the way of the collection of their claims. They have, then, a clear interest in the matter; and if they can not come in and thus seek to remove the obstacle in the way of collecting their debts, it must be because no one not a party to a proceeding can be allowed to present a motion in relation to such proceeding. But those who are not parties to the record are not always thus excluded. Counsel for the plaintiffs in error have cited us to several cases in our own court where motions have been sustained, presented by judgment creditors, to set aside, for irregularity, judgments rendered by confession in favor of other parties (Bryant v. Harding, 29 Mo. 347; Bryan v. Miller, 28 Mo. 32.) In How v. Dorsheimer, 31 Mo. 349, the particular motion was overruled; but the right, in a proper case, to present such motion was fully sustained.

If a judgment creditor has such an interest in the matter as to authorize a motion on his behalf to set aside a judgment in the way of the collection of his debt, I can see no reason why an irregular judgment upon garnishment, which operates in the same way against a creditor, may not also be removed upon his motion. Such motions are allowed in other States. (Taylor v. Knox, 1 Dal. 158; Fairfield v. Baldwin, 12 Pick. 388.) The practice in this respect is reviewed at some length in Walker, etc., v. Roberts, 4 Rich, S. C., 561, and the court says: "From the case cited it is shown that a junior attaching creditor may except to the illegality of a prior attachment, and, on motion, have granted an order to set it aside." (See also Drake on Attach., § 275, and note to 3d ed.)

Counsel for defendant in error has referred us to many authorities to show that a creditor must establish his claim by judgment before he can ask the aid of the court. But I do not know that I fully understand the object of the reference. He must certainly have judgment, and also show that its collection will be endangered — as that the judgment debtor is insolvent — unless the relief is granted him. But if counsel means that he must show a judgment against the garnishee, it would be a strange requirement; for the impossibility in the present case of obtaining it so long as that of defendant in error is in the way, is the

3—VOL. XLVI.

very thing complained of. If the money in the garnishee's hands is all covered by the judgment in favor of the bank, no other judgment can certainly be rendered against him until that is set aside, and that is what the other judgment creditors asked the court below to do.

But the more difficult question is, whether the irregularity is such in itself as to injure subsequent creditors and give them a right to complain of it. It is well settled that "whatever irregularities may exist in the proceedings of an attaching creditor, other attaching creditors can not make themselves parties to those proceedings for the purpose of defeating them on that account." (Drake on Attach., §§ 262, 273, and cases cited.) Nor can the garnishee object to such irregularities if jurisdiction over the defendant and garnishee has attached, so as to protect the latter. (*Id.*, § 697.) But it is also as well settled that the equities of different attaching creditors are equal; that the rights acquired by them must depend upon their substantial compliance with the law, and that fraud, collusion, or any departure from its forms for the purpose of accelerating his remedy, or otherwise to give an undue advantage, will destroy his lien and let in other creditors. (*Id.*, § 262 *et seq.*, and cases cited.)

The proceeding at bar is not under the attachment act, but section 2 of the garnishment act provides that the service of garnishment and subsequent proceedings shall be the same as in the case of garnishment under attachment. The creditors who filed this motion do not seek to avail themselves of any irregularities, if any there be, in obtaining the judgment against the principal debtor, but claim that the garnishee was never brought into court, that there was no foundation for the judgment against him, that they first served upon him a lawful notice of garnishment, and are entitled to preference.

The garnishee, as we have seen, appeared and answered the interrogatories, supposing, perhaps, that the notice was regular. He might have declined to do so, and no valid judgment could have been rendered against him. Having done so, he, perhaps, may not be allowed to object to the irregularity of the service

upon him, and, though it was not a leading point in the .case, such I understand to be the ruling in Smith v. Chapman, 6 Porter, Ala., 365.    But how is it with the other attaching creditors, the plaintiffs in error?   Their equities were equal to those of the plaintiff, and if their right to this fund was inferior, it was because of the superior diligence of the party who first served the process of garnishment.   But this process had no validity, and the garnishee stands as though he had voluntarily appeared and answered interrogatories without notice.   As against other creditors who are entitled to the reward of their vigilance, he can not thus come in to give another a preference over them.   .

I am, then, clearly of opinion that the plaintiffs in error have a right to object to this voluntary appearance and the judgment founded upon it, and to ask to have it vacated.   It was not a mere irregularity that could not have affected their rights, but, on the other hand, it cut them off from their equal right to pursue the fund under the law, and was " a substantial departure from the legal mode prescribed for enabling the party to obtain the benefit of his attachment."   (Drake on Attach., § 262.)

The other judges concurring, the judgment of the Circuit Court overruling the motion of Calloway and Robbins will be reversed, and the cause remanded for further proceedings.