JAFFRAY *et al.*, *Appellants*, v. THE H. B. CLAFLIN COMPANY.

### Division One, December 23, 1893.

1. **Attachment:** DISMISSAL OF SUIT: REINSTATEMENT OF LIEN. An attachment lien is not lost by a dismissal of the attachment suit, where the order of dismissal is afterwards set aside.

2. **Practice:** CHANGE OF VENUE. An application for a change of venue verified by an attorney of the applicant is insufficient.

*Appeal from Greene Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*B. U. Massey* and *Sebree & Tatlow* for appellants.

(1) The dismissal of an attachment suit *ipso facto* dissolves the attachment and releases the lien. 1 Wade on Attachment, p. 407, sec. 218; *Smith v. Whitfield* 2 S. W. Rep. (Tex. Sup. Ct.) 822; *Hall v. Wallbridge,* 2 Aiken's Rep. 215; *Brandon Iron Co. v. Gleason,* 24 Vt. 228; Drake on Attachment, sec. 415, foot p. 314; *Johnson v. Edson,* 2 Aiken's Rep. 299; *Harlow v. Lyon,* 3 Iowa (Green) 157; *Brown v. Harris,* 2 Iowa (Green) 505; *Suydam v. Huggeford,* 23 Pick. 465; *Stone v. Miller,* 62 Barber, 430; *Allen v. Mayers,* 2 Tenn. Ch. 206; *Murray v. Eldridge,* 2 Vt. 388; *Cole v. Woster,* 2 Conn. 203; *Page v. Jewitt,* 46 N. H. 441. (2) If the first attaching creditor dismisses his suit, but afterwards, with the consent of the defendant, obtains leave of court to reinstate it on the docket, such reinstatement cannot have the effect of restoring his property as against a subsequent attachment. *Murphy v. Crow,* 38

Ga. 139; *Brown v. Harris, supra; Harlow v. Lyon, supra.* (3) An attachment lien once lost can never be restored. *Brown v. Harris, supra; Harlow v. Lyon, supra;* and other authorities, *supra.* (4) The rights and priorities of attaching creditors, as between themselves, are matters of strict law. If the first attacher once loses his lien, the rights of the junior attachers intervene, and their lien then takes precedence, and this without regard to the good faith or bad faith of the parties, so say all the appellate courts of this state. *Co. v. Blank,* 49 Mo. App. 60; *Adler v. Anderson,* 42 Mo. App. 189; *Bank v. McDonald,* 46 Mo. 31; *Gilbert v. Gilbert,* 33 Mo. App. 259. (5) It is universally held that subsequent attaching creditors can take advantage of the defects in the proceedings of the prior attaching creditors, which of course means that this appellant can in no way be prejudiced by the fact that Levy & Weinberg did not choose to have this order set aside for want of notice. *Bank v. McDonald,* 46 Mo. *supra; Syone v. Miller,* 62 Barber, 434; *Allen v. Meyers,* 2 Tenn. Ch. 206; Drake on Attachment [7 Ed.], 262; *Gilbert v. Gilbert, supra; Pawn v. Davenport,* 44 Cal. 441. (6) This is a statutory proceeding and is a substitute for a bill in equity, and the statute evidently contemplates a hearing and determination of this matter by the court, without the intervention of a jury. Hence, the finding of the trial court on the evidence is not conclusive on this court. *Gilbert v. Gilbert, supra; Hensley v. Baker,* 10 Mo. 157; *Erskine v. Loewnstein,* 82 Mo. 301.

*Heffernan & Buckley* for respondents.

(1) The court properly overruled the application for change of venue. The court, while adjudicating the rights of attaching creditors, could not be sworn off the bench by one less fortunate in procuring a

timely attachment, and have a special judge pass on its alleged errors. *Shalien v. Gunn*, 43 Mo. App. 315; *Cocker v. Cocker*, 56 Mo. 180. Motions and all preliminary matters must be heard by the judge who presided when they were in any way under judicial investigation. This is too well established to need any authorities. In civil suits the affidavits in support of a motion for change of venue, must be sworn to by the party himself. *Levin v. Dille*, 17 Mo. 64; *Husting v. Maas*, 36 Mo. 101; *Whitson v. Wilson*, 89 Mo. 58. (2) The court had the undoubted right to set aside its order of involuntary nonsuit on the morning of December 9: to correct any irregularity or mistake at any time during term. *Rankin v. Lawton*, 17 Mo. App. 574; *Nelson v. Ghiselin*, 17 Mo. App. 663; *Ashley v. Glasgow*, 9 Mo. 320; *Hill v. St. Louis*, 20 Mo. 584; *Parker v. Johnson*, 22 Mo. App. 518. It is conceded by the appellants that the trial court had this right; we cite no further authorities on this subject. (3) When E. S. Jaffray & Co., on the nineteenth day of March, 1891, sued out second writ of attachment and garnisheed the money in the hands of attaching officers after sale of the goods, they lost any lien they may have had under the first attachment which was sued out in December, 1890, and which was returnable in January, 1891. (4) No motion for a new trial was filed, and there is nothing to review except the record proper. The only way to reach errors occurring at the trial is by motion for new trial. *Harrison v. Bartlett*, 51 Mo. 170; *Griffith v. Hanks*, 100 Mo. 109; *State v. McCray*, 74 Mo. 303; *State v. Dunn*, 73 Mo. 586; *Matlock v. Williams*, 59 Mo. 105; *State v. Preston*, 77 Mo. 294; *Carlisle v. Keokuk*, 82 Mo. 40.

BLACK, P. J.—This was a proceeding in the Greene county circuit court to settle the rights of attaching

creditors to a fund in the hands of the sheriff. The record before us discloses the following state of facts.

On the fourth of December, 1890, Levy & Weinberg, a firm composed of Moses Levy and Michael J. Weinberg, confessed three judgments in favor of as many banking corporations. On the same day executions were issued on the judgments, and the executions were at the same time levied upon a stock of goods owned by the judgment debtors. At the same time Weinberg commenced a suit against his partner Levy for the alleged purpose of dissolving the copartnership. The court, by a consent order, appointed Mr. Delaney receiver of the property and effects of Levy & Weinberg. On the next day, the fifth, the receiver qualified and the court then made an order directing the sheriff to turn the goods over to the receiver, subject to the lien of the executions.

Late in the evening of the fourth and after the executions had been levied and while the goods were still in the possession of the sheriff, three attachments were issued and by the sheriff levied upon the same stock of good, one in favor of the H. B. Claflin Co. against Levy & Weinberg, one in favor of the H. B. Claflin Co. against Moses Levy, and the other in favor of Farwell & Co. against Levy & Weinberg. The Claflin attachments were levied at 9:45, and the Farwell attachment at 10 o'clock in the afternoon. The goods were then in the possession of the sheriff.

The Claflin attachments were commenced by Mr. Heffernan as the attorney for the Claflin Co. The circuit court, in which the suits were commenced, was in session from the fourth to the ninth. On the sixth, seventh and eighth, the judge stated on several occasions that the Claflin Co. and Mr. Hefferman were in contempt of court, because of the levy of the attachments after the receiver had been appointed. This

matter came to a culmination on the evening of the eighth, when Mr. Heffernan asked for a little time to produce authority to show that he was not in contempt, and the court declined to grant the time. Mr. Shelly, the agent of the Claflin Co. was present and feared his attorney would be humiliated and the company placed in an unfavorable attitude before the court. In view of all this he advised Mr. Heffernan to dismiss the Claflin suits. At the same time the judge said to Mr. Heffernan, "you ought to dismiss those suits and not be in contempt," and thereupon Mr. Heffernan said, "I will dismiss them, under the circumstances." Thereupon the suits were dismissed, the entry being as follows: "Now comes the plaintiff by its attorney, and on the suggestion of the court in regard to the jurisdiction in this case, the property in controversy being in the hands of a receiver, on motion of the plaintiff's attorney, the court orders that said case be dismissed." Then follows a judgment for costs, which costs were then and there paid by Mr. Shelly. A like dismissal was made in the case of The H. B. Claflin Co. v. Levy.

At the opening of the court on the next morning, the ninth, Rothchild & Bro. appeared by their attorney and asked leave to attach the property in the hands of a receiver; and Jaffray & Co., the plaintiffs in this motion, asked the like leave. The judge, after reading some authorities presented by the attorney of Rothchild & Bro., said: "Before I grant this petition I shall set aside the orders of dismissal made in Mr. Heffernan's cases." Heffernan was then present representing the interests of his clients, and thereupon the court made the following order in each of the Claflin Co. cases: "Now at this day comes the plaintiff, by attorney, whereupon the court for good and sufficient reasons appearing, orders that the order made yesterday dismissing the plaintiff's cause of action be and the

same is set aside, and the plaintiff restored to all of its rights as attaching creditor, and the sheriff of Greene county is ordered to make return on the attachment as originally made." The sheriff had not and never did make the change in his levy of those writs.

Immediately after making these orders setting aside the dismissals, the court gave leave to Rothchild & Bro., and to Jaffray & Co. to attach, the Rothchild attachment being the prior in point of time. The sheriff then levied these two writs upon the goods, stating in his return that he levied them subject to the executions and the attachments of Claflin & Co. and Farwell & Co.

Levy & Weinberg filed pleas in abatement in all of the attachment suits, but the pleas were thereafter withdrawn, and the attaching creditors in due time obtained judgments.

After satisfying the executions, there was in the hands of the sheriff the sum of $6,982. Treating the attachment of the Claflin Co. against the firm of Levy & Weinberg as having been duly reinstated, the attaching creditors would have priority in the following order and amounts: The H. B. Claflin Co., $5,125; Farwell & Co., $431; Rothchild & Bro., $1,672; Jaffray & Co., $5,645.

Jaffrey & Co. insist that the Claflin Co. lost its lien by reason of the dismissal of the attachment suit, and that the reinstatement of that suit did not reinstate the lien.

We may here notice the cases most in point cited to support these propositions. In *Brown v. Harris* (2 Greene (Iowa) 505), there had been a suit by attachment before a justice of the peace. The plaintiff was nonsuited, and he in due time filed a motion to set aside the nonsuit, which motion was sustained, and he then recovered judgment. The supreme court held

that the nonsuit vacated the attachment lien, and that the order setting aside the nonsuit and granting a new trial did not revive it. That case, it must be conceded, goes to the full extent of the claim made by the appellants in this case. We cannot approve the ruling made in that case. Under our practice. an order setting aside a nonsuit and granting a new trial, would, beyond all doubt, place the attachment just where it was before the nonsuit. Indeed, it was held in Iowa in a subsequent case that an appeal from a judgment for the defendant in the attachment would preserve the lien of the attachment, should the judgment of the trial court be reversed; and the court then said the reasoning in the *Brown-Harris case* was unsatisfactory and inconclusive, and so we say.

In *Murphy v. Crew*, 38 Ga. 139, there had been two attachments against the same person. The garnishees answered that they owed the defendant. The first attaching creditor dismissed his suit in vacation and at a subsequent date, and in term time, moved the court to reinstate the attachment, the defendant consenting. It was held the case could only be reinstated subject to the rights of third persons, and that upon the dismissal of the first attachment the second attaching creditor obtained the right of priority. The right of priority, it was held, could not be divested by reinstating the first attachment at the next term of the court. That case is unlike the one in hand in several respects. There both attachments had been served before the dismissal, while here the appellants obtained leave to attach after the Claflin suit had been reinstated. The circumstances leading to the dismissal in that case do not appear.

A contention made in this case is, that the order setting aside the dismissal is void because it was made without notice to the defendants in the attachment

suit.  At the time the suit was dismissed, one of the defendants had been served with summons, the other had not, but he was served before the return day of the writ.  Both defendants appeared at the return term and filed their plea in abatement, thus denying only the alleged grounds for the attachment.  Subsequently they withdrew the plea in abatement in the Claflin as well as in all the other cases.  They at no time complained of the order setting aside the dismissal, but treated it as a valid order.  That the order was and is good and valid as to them we have no doubt whatever.

The question here, then, is one between the attaching creditors themselves.  There is no doubt but the rights of such creditors must be measured and defined by strict law.  A priority once acquired may be lost when there is a substantial departure from the legal mode prescribed for enabling a party to obtain the benefit of his attachment. Drake on Attachment [7 Ed.], sec. 262.  But the same author goes on to say:  "This is a different matter from mere irregularities; for it is well settled that, though such exist in the proceedings of one attaching creditor, other attaching creditors can not make themselves parties to the proceedings for the purpose of defeating them on that account."  These principles were approved by this court in *Bank v. McDonald*, 46 Mo. 31.  In that case a debtor of defendant was garnished after the return day of the execution. The garnishee answered and there was judgment against him.  Other judgment creditors moved to set aside the judgment against the garnishee because of the irregularity, which motion was overruled, and they prosecuted a writ of error.  It was held the other judgment creditors had such an interest as to entitle them to set aside the judgment against the garnishee.

Now what is the complaint here?  It is not that there was even an irregularity in procuring and causing

the attachment to be levied.  The complaint is that the Claflin Co. dismissed its suit and thereby lost its lien. This would be so but for the fact that the dismissal was set aside.  This order was made before the appellants obtained leave to attach, and they sued out their writ of attachment with full knowledge that the Claflin suit had been reinstated.  They at no time moved to have the order setting aside the dismissal vacated. They are here insisting in this collateral way that the order reinstating the cause was, and is, a void order, and this, we believe, presents the real question to be determined on this record.

Had the Claflin suit of attachment been dismissed on the motion of some one having an interest adverse to the Claflin Co., there can be no doubt that the court could have reviewed its ruling, and for good cause shown, set aside the order of dismissal.  In that case the attachment would stand in full force, for the attachment is but an incident or auxiliary to the suit. Many cases may be readily called to mind where it would be the duty of the court to set aside a dismissal, whether voluntary or involuntary.  It seems to us that there can be no doubt but the court has the power and jurisdiction to vacate the order dismissing the Claflin Co. attachment, and as it had that power the order ought to stand until vacated by a proper motion made for that purpose.  No such motion was made, and on the record before us the Claflin Co. is in its original position as to priority, and so the trial court held.

As the Claflin Co. dismissed its suit under a species of compulsion, and as the cause was reinstated on the next day, and before the appellants procured leave to attach, the manifest justice of the case is with the Claflin Co. and we think the law is also with it.

2.  Jaffray & Co., the appellants in this proceeding, moved for a change of venue, on the ground that

the opposite party had an undue influence over the mind of the judge. The petition was verified by the attorney for appellants. The court overruled the application, and of this ruling error is assigned. According to the former ruling of this court, a petition for change of venue must be verified by the oath of the party making the application, and the affidavit of an agent or attorney is not sufficient. *In re Whitson's Estate*, 89 Mo. 56; *Norvell v. Porter*, 62 Mo. 309; *Huthsing v. Maus*, 36 Mo. 101. The application was, therefore, properly overruled. The judgment is affirmed. BARCLAY, J., absent. The other judges concur.