BRYAN *et al.*, Plaintiffs in Error, v. MILLER *et al.*, Defendants in Error.

1. A verified statement upon which a confession of judgment is rendered must state concisely the facts out of which the indebtedness arose. If it state the execution of a promissory note to the plaintiff; that "said note was given for goods, wares and merchandise sold by the plaintiff to the defendant before the date thereof," it will be materially defective.

2. A judgment rendered upon such a statement, though not valid as to other judgment creditors, would be valid between the parties thereto. The defective statement might be amended, but not so as to affect rights of existing judgment creditors.

*Error to Clay Circuit Court.*

*Hovey*, for plaintiff in error.

I. The court below ought to have set aside the judgment by confession, because the statement sets out no particulars of the time, place, quantity, description or price of the supposed consideration of the note, and is a mere evasion of the statute under which it is made. (See Chappell v. Chappell, 2 Kerr. 215 ; Gilman v. Hovey et al., — Mo. 26.)

*Parsons* and *Edmunds*, for respondents.

I. The statement on which the judgment was rendered against Murray does set out *concisely* the facts out of which the debt arose; the statement shows the note was given for goods, wares, &c., sold before that time to Murray. It was not necessary to state the kind, description, or quality of the goods; the object of the law being to require the debtor to set out substantially the essence of the consideration only out of which the indebtedness arose. This has been done in this case. (R. C. 1855, p. 1282, § 2.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiffs, as subsequent judgment creditors of Murray, filed their motion to set aside a judgment confessed by Murray to the defendants, on the ground that the statement was not in compliance with the statute. The statement is as follows : " The defendant Ephraim D. Murray states that he is justly indebted to the above named plaintiffs [Miller and others] the sum of sixty-eight dollars, and he asks the court here to render a judgment against him therefor in favor of said plaintiffs. He states that on the 27th day of August, 1857, he executed his promissory note to the said plaintiff for the sum of sixty-six dollars and sixty-five cents, due four months after the date thereof ; that said note was given for goods, wares and merchandise sold by the plaintiffs to defendant before that date, and that no part of said note

has been paid, but the whole of the principal and interest therein is still justly due and owing."

The statute requires that a statement in writing must be made, signed by the defendant and verified by affidavit to the following effect: "First, it must state the amount for which the judgment may be rendered and authorize the entering of judgment thereon; second, if it be for money due or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due or to become due." (R. C. 1855, p. 1282, § 22.) This provision of our law was taken literally from the New York code, and though the inferior courts in that state differed for a while as to its construction, its meaning is now well settled. It is said that the policy in requiring verified statements to state concisely the facts out of which the indebtedness arose, is to point the other creditors of the debtor to the precise transaction out of which the confessed indebtedness arose, to enable them to inquire into its truth, and to confine the defendant and the creditors to whom the judgment is confessed to the particular matter set forth as the foundation of the judgment, in case its good faith should be attacked. (Gandal v. Finn, 23 Barb. 652.) And in Chappel v. Chappel, 2 Kern. 215, it was observed by the court of appeals that "the object was to improve the condition of other creditors, by compelling the parties to spread upon the record a more particular and specific statement of the facts out of which the indebtedness arose, thus enabling them, by a comparison of that statement with the known circumstances and relations of the debtor, to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the old system." The same views are re-asserted in a recent case decided in the same court less than a year ago. (Dunham v. Waterman, 17 N. Y. Rep. 9.) We think these views are just and reasonable, and though their practical application in some cases may seem harsh, they will tend generally to prevent fraud and save the records of the courts from becoming instruments of injustice. It has been held

that a general allegation that the debt was "for goods sold and delivered," or on account "of a promissory note" of a certain date and amount, or "on a note given for goods sold and delivered," or "on a note given on a settlement of accounts," is insufficient.

In this statement the consideration is stated to be goods, wares and merchandise sold by the plaintiffs to the defendant before the date of the note, but no time is stated, nor the particular kind of property sold included in the general description of "goods, wares and merchandise." If the statement required to be made is to be of any service to the other creditors of the judgment debtor, it ought to state—where the indebtedness is for property sold—when and what kind of property was sold, the price or the aggregate of the purchase, and the amount of payments, if any. It is not necessary that the statement should be as particular as a bill of particulars, but it ought to be sufficiently particular to afford a clew to a creditor, if there is fraud and he desires to investigate it.

The judgment will be valid between the parties, though it may not be so as to other judgment creditors, and the statement may be amended, but not so as to interfere with the rights of other judgment creditors which may have attached in the mean time. Judge Scott concurring, the judgment overruling the plaintiffs' motion will be reversed and the cause remanded. Judge Napton absent.