19  511
98m312

19  511
111m200

LEVI STERN, Respondent, v. J. I. MAYER; B. LICHTEN-STEIN ET AL., INTERVENORS, Appellants.

St. Louis Court of Appeals, November 24, 1885.

2. ——— A statement as the foundation of a confession of judgment which sets out the execution and delivery, "for value," of a negotiable note for $1,500, "for money which" the creditor "then and there gave" the debtor "for said note, as a loan, * * * which sum of $1,500 is justly due and owing according to the tenor and effect of said note herein described," is sufficient to satisfy the statute.

3. ——— FILING NOTES SUED ON.—In a confession of judgment upon an indebtedness evidenced by a note, the note need not be filed with the confession.

4. ——— Maturity of Note Sued On.—The confession being for the principal sum of a promissory note, it is immaterial that the note had not matured at the date of the confession.

5. Motion to Set Aside Judgment—Evidence—Attachment.— In a motion by a creditor to set aside a judgment by confession evidence of a pending attachment suit brought by such creditor, against the debtor, is irrelevant.

Appeal from the St. Louis Circuit Court, W. H. Horner, Judge.

*Affirmed.*

A. Binswanger and Boyle, Adams & McKeighan, for the appellants: A judgment creditor may proceed by motion to set aside judgments confessed. And it is immaterial whether his judgment be subsequent to or contemporaneous with those attacked. *McHenry v. Shepherd*, 2 Mo. App. 378; *Bryan v. Miller*, 28 Mo. 32. The attack must be direct, and not collateral. *How v. Dorscheimer*, 31 Mo. 350. The statement upon which the judgment was confessed does not state concisely or in any manner the facts out of which the indebtedness arose, and does not show that the sum confessed is justly due, as required by statute, in this: (*a*) there is no description of the note on which the judgment is confessed; (*b*) there is no allegation that plaintiff paid any consideration for it; (*c*) the note is not filed with the statement; (*d*) the amount of the judgment confessed, is in excess of the amount due, according to the statement. *McHenry v. Shepherd, Bryan v. Miller, How v. Dorscheimer, supra*; Rev. Stat., Mo. 1879, § 3697.

Nathan Frank, for the respondent: The statement was wholly sufficient. See, *Kendig v. Marble*, 58 Iowa, 529; *Weinges v. Cash*, 15 S. C. 44, 56; *Freligh v. Brink*, 22 N. Y. 418; *Clements v. Gerow*, 30 Barb. 325; *Acker v. Acker*, 1 Abb. Ct. App. Dec. 1; *Ely v. Cooke*, 28 N. Y. 365.

LEWIS, P. J., delivered the opinion of the court.

On March 4, 1885, the defendant, J. I. Mayer, confessed seven judgments in the St. Louis circuit court, among which were one for $1,500, in favor of the plaintiff, Levi Stern, one for $10,310 in favor of the intervening petitioners, Lichtenstein Bros. & Co., and one for $2,200 in favor of the intervening petitioner, S. M. Lederer. Executions were issued on these judgments and levied on all the available property of Mayer. On March 14, the present application was filed by the intervening petitioners, to set aside the judgment in favor of the plaintiff, and to recall and vacate the execution thereon. The motion was overruled, and the intervenors appealed.

The statement for the confession which the intervenors attack is in the following words:

"STATE OF MISSOURI, }
"CITY OF ST. LOUIS, }

"Whereas, I, J. I. Mayer, of the city of St. Louis, doing business under the name and style of J. I. Mayer & Co., am indebted to Levi Stern, of the city of Philadelphia, state of Pennsylvania, in the sum of $1,500 on account of my certain negotiable promissory note, by me made in my firm name to the order of Levi Stern, and indorsed by A. Mayer & Son for my accommodation, and negotiated and delivered by me for value before maturity to said Levi Stern.

"The facts out of which this indebtedness arose are as follows: On January 31, 1885, I made and executed my promissory note under the firm name of J. I. Mayer & Co., by which I promised to pay, ninety days after date, to the order of Levi Stern, $1,500 at our office, 900 Olive street, St. Louis; that thereupon said note was indorsed by A. Mayer & Son for my accommodation, and by me delivered to said Levi Stern for money which he then and there gave me for said note as a loan for said sum of $1,500. And desiring to secure the payment of. said indebtedness, I do hereby authorize the circuit court, of the city of St. Louis, to enter judgment against me for the said sum of $1,500, which sum is justly due and

owing according to the tenor and effect of said note herein described, to Levi Stern, and costs in favor of said Levi Stern.

"Jacob I. Mayer.

"Jacob I. Mayer, being sworn, says that he believes the facts set forth in the foregoing statement to be true, and the same are true, and that the debt, herein mentioned is *bona fide*, and for a fair and valuable consideration as herein stated.

"Jacob I. Mayer.

"Subscribed and sworn to," etc.

It is contended for the appellants that this statement is insufficient to sustain the judgment, because it " does not state concisely, or in any manner, the facts out of which the indebtedness arose, and does not show that the sum confessed is justly due, as required by statute, in this : there is no description of the note on which the judgment is confessed ; there is no allegation that plaintiff paid any consideration for it ; the note is not filed with the statement ; the amount of the judgment confessed is in excess of the amount due according to the statement."

We do not find these objections tenable. The charge that there is no description of the note, upon which judgment is confessed, rests upon an assumption that the description is incomplete in the first paragraph of the statement, and that there are no words connecting this incomplete description with the fuller details contained in the second paragraph, so as to show that both parts of the statement refer to the same note. The criticism is fanciful rather than substantial. No hint appears that there was more than one note. After the first mention of the note and its amount, the statement proceeds to give the facts out of which "this" indebtedness arose, and thereupon furnishes all the details making a full description of the note confessed upon. That the plaintiff paid a consideration for the note, is sufficiently alleged. The allegation that the note was "by me delivered to

said Levi Stern for money which he then and there gave me for said note as a loan for said sum of $1,500," may be a little awkwardly framed, but there is no difficulty in understanding its meaning to be, that the plaintiff loaned the defendant $1,500 in money, and the defendant gave his promissory note for repayment of the loan. A strained construction of the particular sentence might hold that some amount less than $1,500 may have been given " as a loan for said sum of $1,500." But we must take the whole face of the paper for the meaning of its parts. The defendant swears that the said sum of $1,500 " is justly due and owing according to the tenor and effect of said note herein described," and that "the debt herein mentioned is *bona fide*, and for a fair and valuable consideration, as herein stated." All the allegations, taken together, bring the statement fully up to the standard of policy recognized and approved in *Bryan v. Miller* (28 Mo. 32) : " It is said that the policy in requiring verified statements to state concisely the facts out of which the indebtedness arose, is to point the other creditors of the debtor to the precise transaction out of which the confessed indebtedness arose, to enable them to inquire into its truth, and to confine the defendant and the creditors to whom the judgment is confessed to the particular matters set forth as to the foundation of the judgment, in case its good faith should be attacked.   *   *   *. It is not necessary that the statement should be as particular as a bill of particulars, but it ought to be sufficiently particular to afford a clue to a creditor, if there is fraud and he desires to investigate it."

Nor does the entire statement fall short of the more exacting rule laid down by Gantt, J., in *McHenry v. Shepherd* (2 Mo. App. 378): "In the statement of facts out of which a debt to be secured by confession of judgment arises, a much more minute and elementary detail than would suffice in a declaration," is required. For in a common law declaration, or in a petition under the code, it suffices to say that the note was given "for value

received," without any attempt further to set forth the character of the value, or of the consideration.

The objection that the note was not filed with the confession has no materiality. The statute does not require it to be done. There can be no presumption that the person confessing has the note in his possession, so that he could file it if he would.

The amount of the judgment is for the principal sum named in the note, although it had not matured at the date of the confession. On this account it is claimed that the amount of the judgment is in excess of the amount due according to the statement. If the objection be a good one, the intervenors themselves have no valid judgment as against other creditors, and, therefore, no standing in court for the purposes of this application. The confession in favor of Lichtenstein Bros. & Co. was upon six notes for the total amount of $10,310, and a cash loan of six hundred dollars. The notes were severally dated on January 12, 17, 20, and 24, and February 21 and 26, respectively, all in 1885. The January notes were made payable at ninety days, and four months, from their dates, and the February notes at ninety and sixty days, respectively. So that not one of them was due when the confession was entered, and yet the judgment was for the aggregate of the principal sums. In the Lederer confession, the note of $1,500 was dated January 26, 1885, and payable ninety days after date. To this was added seven hundred dollars for cash loaned, and the judgment was for the sum of $2,200. All the confessions, as before stated, were entered on March 4, 1885.

The intervenors, Lichenstein Bros. & Co., offered in evidence the record of a pending attachment suit instituted by them against the defendant, for an additional indebtedness, and this was excluded by the court. It is not worth while to consider whether the exclusion was proper or not. The evidence, if admitted, would have no bearing to help the intervenors in their futile attack upon the plaintiff's judgment. It could only have fortified their standing in court, which, for all the purposes

of this case, may be conceded to the full extent claimed.

With the concurrence of the other judges, the judgment of the circuit court is affirmed.

