FOURTH NATIONAL BANK, Respondent, v. J. I. MAYER;
B. LICHTENSTEIN ET AL., Intervenors, Appellants.

**St. Louis Court of Appeals, November 24, 1885.**

1. JUDGMENTS BY CONFESSION—STATEMENT—PRACTICE.—In confessions of judgment, the transaction out of which the debt arose must be concisely stated in terms which will make known to the common understanding how the indebtedness arose.

2. ——— An averment in a statement filed as the foundation of a confession of judgment which states that the bill of exchange was negotiated to the creditor before maturity, "for the said sum of $2,160, less the discount at the rate of eight per cent per annum," is a sufficient allegation of delivery to the creditor.

APPEAL from the St. Louis Circuit Court, W. H. HORNER, Judge.

*Affirmed.*

A. BINSWANGER and BOYLE, ADAMS & MCKEIGHAN, for the appellants.

NATHAN FRANK, for the respondent.

LEWIS, P. J., delivered the opinion of the court.

The facts shown in this record and the points made upon them are, with a very slight difference, identical with those in *Stern v. Mayer, ante*, p. 511. The confession of judgment, attacked by the intervenors in the present case, is framed as follows:

"STATE OF MISSOURI, } ss.
"CITY OF ST. LOUIS.    }

"Whereas, I, J. I. Mayer, of the city of St. Louis,. doing business under the name and style of J. I. Mayer & Co., am indebted to the Fourth National Bank of the city of St. Louis, state of Missouri, a banking corporation incorporated under the laws of the United States, in the sum of $2,160 on account of a certain bill of exchange of which my said firm are the drawers.

"The facts out of which this indebtedness arose are as follows: Being in need of money on January 7, 1885, I did, on said January 7, 1885, at the city of St. Louis, make my bill of exchange in writing and directed the same to A. Mayer & Son, Cardington, Ohio, and thereby requested them to pay to the order of ourselves the said sum of $2,160 sixty days after date; that my said firm, J. I. Mayer & Co., indorsed said bill of exchange; that said A. Mayer & Son then and there accepted said bill for our accommodation and promised to pay the sum according to the tenor and effect thereof at 900 Olive street, St. Louis; that thereupon I negotiated the same to said Fourth National Bank before maturity for said sum of $2,160, less the discount at the rate of eight per cent. per annum.

"And desiring to secure the payment of said indebtedness, I do hereby authorize the circuit court of the city of St. Louis to enter judgment against me for the said sum of $2,160, which sum is justly due and owing according to the tenor and effect of said draft herein described to Fourth National Bank, and costs in favor of said Fourth National Bank.

"JACOB I. MAYER.

"Jacob I. Mayer, being sworn, says that he believes the facts set forth in the foregoing statement to be true, and the same are true, and that the debt therein mentioned is *bona fide*, and for a fair and valuable consideration therein stated.

"JACOB I. MAYER.

"Subscribed and sworn to," etc.

A distinctive objection offered against this statement is, that it does not allege an actual delivery of the bill of exchange to the bank.    We think that this fact is clearly implied in the statement that the paper was negogiated to the bank  before maturity "for said sum of $2,160, less the discount at the rate of eight per cent. per annum."    The intervenors' objections demand a more critical nicety of expression and amplitude of verbiage, than we find anywhere required in the decisions to which they refer.    It is nowhere held that the language of a confession of judgment must be as technically exact and literal to every fact and incident as in an indictment for felony.    The transaction creating the indebtedness must be concisely stated in terms which will make known to the common understanding how the debt arose.    This is not done when the statement shows nothing more than that a promissory note was given "for value received."    The giving of the note may have been as purely voluntary as the confession of judgment.    Hence, the decisions in *Bryan v. Miller* (28 Mo. 32), and others on which the intervenors rely.    But if a good and sufficient consideration for the note or other obligation appear in terms to which conventional usage attaches a settled signification, the object of the statutory restrictions is accomplished. Such a consideration fully appears in the statement before us.

The other points raised in this case are the same that are disposed of in *Stern v. Mayer*, above referred to.

The judgment is affirmed, with the concurrence of all the judges.