MECHANICS' BANK V. MAYER; LICHTENSTEIN *et al.,*
*Intervenors, Appellants.*

93 417
98 312
93 417
111 199
53a 329

1. **Confession of Judgment, Form of: STATEMENT.** A statement intended to support a confession of judgment, which gives the amount due upon a bill of exchange and describes the same with great particularity, naming the drawer, drawee, payee, date of negotiation to the judgment creditor, and names the amount for which judgment may be entered, and gives authority to enter the same, is sufficient under Revised Statutes, section 3697, which provides that such statement must give the amount of the judgment, and if it be for money due or to become due, it must state concisely the facts out of which it arose.

2. ———: ———. The statement as to the negotiation of the bill of exchange was a sufficient averment that it was sold and delivered to the judgment creditor for the amount specified.

3. ———: ———. The fact that a judgment was entered upon confession for the face value of a bill of exchange before its maturity, will not affect the validity of the judgment. This is authorized by the statute.

*Appeal from St. Louis City Circuit Court.*—HON. W.
H. HORNER, Judge.

AFFIRMED.

*A. Binswanger* and *Adams, Boyle & McKeighan*
for appellants.

(1) A judgment creditor, whether subsequent or contemporaneous, may proceed by motion to set aside judgments confessed. (2) The movers are judgment creditors, notwithstanding the fact that their judgments are by confession and even bad (as to creditors), which we deny. They are good and unassailable as between the parties, and, like all judgments, cannot be attacked

collaterally ; that is, cannot be questioned by respondent in this action. *Bryan v. Miller*, 28 Mo. 32 ; *Bailey v. McGinnis*, 57 Mo. 362 ; *Yates v. Johnson*, 87 Mo. 213. (3) The statement upon which the judgment was so confessed in favor of the Mechanics' Bank does not state concisely, or in any manner, the facts out of which the indebtedness arose, and does not show that the sum confessed is justly due, as required by statute, in this : (*a*) There is no description of the bills of exchange on which the judgment is confessed ; (*b*) there is no allegation that the bank paid any consideration for them ; (*c*) and no allegation that the bills of exchange were ever delivered to the bank ; (*d*) the amount of the judgment confessed is in excess of the amount due, according to the statement. *McHenry v. Shepherd*, 2 Mo. App. 378 ; *Bryan v. Miller*, 28 Mo. 32 ; *How v. Dorscheimer*, 31 Mo. 350 ; R. S. of Mo. 1879, sec. 3697. (*e*) The court erred in excluding the evidence concerning the attachment suit. (4) If a judgment by confession is for too much a creditor may set it aside. Freeman on Judgments, sec. 92. (5) Pleadings must be direct, distinct, and definite, and are taken most strongly against the pleader. *Cook v. Putnam Co.*, 70 Mo. 670.

*Edward Cunningham, Jr.*, for respondent.

(1) The first point urged by the appellants that "a judgment creditor, whether subsequent or contemporaneous, may proceed by motion to set aside judgments confessed," is too broad. A judgment creditor has no such right till he can make it appear that he is injured by the judgment he assails. No such case was made out by the application submitted to the court below, and the judgment ought to be affirmed. *How v. Dorscheimer*, 31 Mo. 350. (2) If, by the unchallenged evidence in the case, the confessions of judgment in favor of appellants are no better than the confession in favor of respondent, then appellants cannot prevail. As a general rule,

strangers cannot attack judgments either collaterally or by direct proceedings, for the reason that, as a general rule, strangers are not affected by them. But when the reason ceases the rule must cease also. The moment it is sought to affect a man's right by a judgment to which he was a stranger, that moment must he have the right to inquire into the validity of the judgment, unless he has actually or constructively had his day in court. This has been the settled doctrine, at least since the *Duchess of Kingston's Case*, and it is needless to cite authorities. Judgments by confession are not entitled to the consideration accorded by the authorities to "judgments," but are open to question to a much greater extent than are judgments technically so-called; but even if they were to be treated by the rule applicable to ordinary judgments, that rule is this, that, wherever, in any judicial proceeding, it is sought to enforce a judgment against one who is a stranger to that judgment, so as to deprive him of a right, which, but for such judgment would be unquestioned, the person so sought to be affected is not to be conclusively bound by such judgment, but may avoid its effect upon his rights by proof of any fact, which, if established in the trial of the former suit, ought to have prevented the judgment. It was in effect so held in *Stern v. Mayer*, 19 Mo. App. 511; *Bank v. Mayer*, 19 Mo. App. 517; *Golahar v. Gates*, 20 Mo. 236; *Calahan v. Griswold*, 9 Mo. 784; *Brown v. Woody*, 22 Mo. App. 258; *Smith v. McCutchen*, 38 Mo. 416; *Atkinson v. Allen*, 12 Vt. 619; *Sidensparker v. Sidensparker*, 52 Mo. 481; *Leonard v. Bryant*, 11 Metcalf, 370; *Vose v. Martin*, 4 Cushing, 27; *Leflin v. Field*, 6 Met. 287; *Thomas v. Hubbell*, 15 N. Y. 405; *Casswell v. Casswell*, 28 Me. 237; see also Freeman on Judgments, secs. 334-5. Appellants contend for a particularity of statement such as the law does not require. They had no standing as attaching

creditors to assail respondent's judgment. *Fisher v. Tallman*, 74 Mo. 40.

BLACK, J. — On the fourth of March, 1885, the Mechanics' Bank, the firm of Lichtenstein Brothers & Company, and S. M. Lederer, procured judgments of confession against J. I. Mayer. The three last-named persons then filed their motion to set aside the judgment in favor of the Mechanics' Bank, which was overruled, and they appealed.

The motion is based on the ground that the statement on which the judgment by confession was entered is defective and insufficient in this, that it does not give a description of the bills of exchange ; that there is no allegation that the bank paid any consideration for them ; that there is no allegation that the bills of exchange were delivered to the bank ; and that the amount of the judgment confessed is in excess of the amount due. The statement is, in part, as follows :

"Whereas, I, J. I. Mayer, of the city of St. Louis, doing business under the name and style of J. I. Mayer & Company, am indebted to the Mechanics' Bank of the city of St. Louis, state of Missouri, a banking corporation incorporated under the laws of the state of Missouri, in the sum of $6,944.00, on account of three certain bills of exchange, of which my said firm are the drawers. The facts out of which the indebtedness arose are as follows : Being in need of money on the twentieth day of January, 1885, I did, on the said twentieth day of January, 1885, at the city of St. Louis, make my bill of exchange in writing, and directed the same to A. Mayer & Son, Cardington, Ohio, and thereby requested them to pay to the order of ourselves the said sum of $2,160.00, sixty days after date ; that my said firm, J. I. Mayer & Company, indorsed said bill of exchange ; that the said A. Mayer & Son then and there accepted said bill for our accommodation, and promised to pay the sum ac-

cording to the tenor and effect thereof, at 900 Olive street, St. Louis; that thereupon I negotiated the same to said Mechanics' Bank before maturity, for the said sum of $2,160.00, less a discount at the rate of eight per cent. per annum."

The statement as to the other two bills of exchange is substantially the same as the one given, save that one bears date and was negotiated on the seventh of February, 1885, due at sixty days, and for the sum of $1,892.00; the other bears date of March 3, 1885, was drawn on Lichtenstein Brothers & Company, of New York, endorsed by Mayer, and for $2,892.00. Authority is then given to the court to enter judgment for $6,944.

According to the statute, the statement must give the amount of the judgment, and, "if it be for money due, or to become due, it must state concisely the facts out of which it arose, and must show that the sum confessed therefor is justly due." R. S., sec. 3697. In *Bryan v. Miller*, 28 Mo. 32, the consideration of a note, which was described, was stated to be goods, wares, and merchandise, sold by plaintiff to defendant. No time of sale was given, nor was there a description of the particular kind of property given. The statement was held to be defective, but the court said, in substance, that the statement need not be as particular as a bill of particulars. The object of the particularity is to afford a clew to a creditor, if there should be fraud and he desired to investigate it. Manifestly, the degree of particularity must depend upon the character of the transaction. If the debt is a note given for goods, a reasonably specific bill of the goods, showing the dates of sale, should be given. This would enable the creditors to trace out the transaction. If a note, and it was given for money loaned, it is enough to say so, describing the note.

Here the bills of exchange were described with great particularity, and the dates of the respective

negotiations are given. No more can be asked in this respect. The statement that, "I negotiated the same to said Mechanics' Bank before maturity, for the said sum of $2,160, less discount at the rate of eight per cent. per annum," shows clearly enough that the bill was sold and delivered to the bank, and that the bank paid Mayer therefor the specified amount. It can mean nothing else. The three bills amounted, face value, to just $6,964, the amount of the confessed judgment. The fact that the judgment was entered for that amount before the maturity of the bills of exchange cannot affect the validity of the judgment. The statute contemplates that a judgment may be confessed for a debt to become due.

There is no substantial objection to this statement, and the judgment is affirmed. All concur.