[ No. 4254. ]

HARD *et al.*, *Appellants*, v. RALPH R. FOSTER *et al.*

[ No. 4255. ]

CHASE *et al.*, *Appellants*, v. CHAS. G. FOSTER *et al.*

[ No. 4256. ]

CHASE *et al.*, *Appellants*, v. RALPH R. FOSTER *et al.*

1. **Debtor and Creditor:** PREFERRING CREDITORS. A creditor may consent to the rendition of judgments in his favor for *bona-fide* debts due him from the judgment debtor, where the purpose of the former is to secure his own debts and not to hinder, delay or defraud other creditors.

2. **Practice in Equity Cases.** In equity cases the supreme court will defer somewhat to the finding of the chancellor.

3. **Practice:** CONFESSION OF JUDGMENT: STATEMENT. A statement upon which a confession of judgment is based which is in writing, signed by the defendant and verified by his affidavit, and states the amount for which judgment may be rendered, and authorizes the entry of judgment thereon and states that it was for money due and sets out facts in detail out of which the indebtedness arose, is sufficient.

4. ———: ———: ———. A discrepancy in amount between the schedule charge in the statement upon which confession of judgment is taken and evidence contained in a deposition in support of it will not avoid the judgment, where the trial judge found that it was the result of a clerical error in the deposition.

5. ———: ———: ———. The allegation in the statement that the balance due includes interest on loans, advancements and payments to date is so in accord with the general course of business between bankers and their customers, that the absence of an averment of a special agreement to pay interest, instead of constituting a badge of fraud, ought to be supplied by necessary intendment in support of a judgment by confession for such balance in favor of a bank.

Hard v. Foster.

6. ——— : ——— : ———. A judgment against a firm by confession is not void because it includes an individual debt of a member of the firm, where the evidence shows that the judgment creditor was ordered to charge such debt to the firm, which was done, and where the firm treated the item as properly charged to their account, and there is no evidence of the latter's insolvency at the time and that remittances were made to the creditor to cover that particular indebtedness.

7. ——— : ——— : ———. Where the statement upon which a confession of judgment is taken alleges that the debtor promised to pay the principal with interest from the date of the loans, but states no agreed rate of interest, the law will fix the rate at six per cent.

8. ——— : ——— : ———. If it does not appear from the statement that compound interest was charged in ascertaining the balance of proof, it will not be presumed against the judgment that such was the fact.

9. ——— : ——— : ———. The statement must set out concisely the facts out of which the indebtedness arose, and must show that the sum confessed is justly due. It must be a brief and compendious statement as distinguished from one descending into particulars. It is not necessary that it should be as particular as a bill of particulars, but it ought to be sufficiently particular to afford a clew to a creditor, if there is fraud and he desires to investigate it.

10. **Debtor and Creditor:** PREFERENCE. The preference given by a debtor to one of his creditors to the exclusion of others is not invalidated by the fact that the debtor had been engaged in a scheme to defraud his creditors, where there is no fraud on the part of the preferred creditor.

11. **Execution, Holding up of:** EXCESSIVE LEVY. The objection that an execution has been held up and that a levy is excessive is not sustained where the delay was the result of an agreement by the creditors interested in the property, including the objectors, and the sale demonstrates that the execution was not unreasonably excessive.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*Hough, Overall & Judson* for appellants Hard *et al.*

(1) Ward & Foster saw fit to make Ralph R. Foster their sole agent to protect their interests. They could have selected some one else, but having selected him they are bound by his acts and by his knowledge and by his intent. The employment of Mr. Ryan does not help the matter as he was the attorney of Ralph R. Foster. *Ruggles v. Co. of Washington*, 3 Mo. 496; *Carson v. Cummings*, 69 Mo. 331; *Veazie v. Williams*, 8 How. (U. S.) 134; *Davis v. Krum*, 12 Mo. App. 287. (2) The delay in proceeding with the sale under the levy is itself an evidence of fraud. It has been held in numerous cases that where the sheriff under instructions of the plaintiff delays sale under a levy, such delayed levy is postponed to a subsequent levy. See Kneeland on Sheriffs, p. 444; *Wise v. Darby*, 9 Mo. 131. (3) Under the rule laid down in *Phelps v. McNeely*, 66 Mo. 554, this confession of a partnership judgment for an individual debt must be held fraudulent and void as to partnership creditors, irrespective of the equity of the other partner. *Ackley v. Staehlin*, 56 Mo. 561; *Regus v. Batchelor*, 12 Pet. 220. (4) The confessed judgment of Ward & Foster is shown by the proof to be excessive and erroneous, first, in the amount of interest, aggregating $1,152.88, and, second, in an erroneous charge of four hundred dollars in the item of February 20, 1883, which is charged in the schedule as $702.76, when it appears from the testimony of Ward it should have been only $302.76.

*Fisher & Rowell* and *James O. Broadhead* for appellants Chase *et al.*

(1) The confession or statement, upon which this judgment in favor of Ward & Foster *v.* R. R. Foster & Co. was entered, was not sufficient to authorize the entry of the judgment and is not sufficient to support it.

Hard v. Foster.

The facts out of which the alleged indebtedness arose are not sufficiently stated nor precisely stated. And the statement does not show the amount confessed to be due as required by the statute. The schedule is not part of the statement. R. S. 1879, sec. 3697; *McHenry v. Shippert*, 2 Mo. App. 383; *Byran v. Miller*, 28 Mo. 34; *Moody v. Townsend*, 2 Abb. 378; *McDowell v. Daniels*, 38 Barb. 143; *Larning v. Carpenter*, 20 N. Y. 447. (2) This statement being defective, the judgment confessed is fraudulent and void as to other creditors. *Kennedy v. Leame*, 9 Iowa, 580; *Bernard v. Douglass*, 10 Iowa, 370; *Edger v. Greer*, 7 Iowa, 141; *Chappel v. Chappel*, 12 N. Y. 215; *Vanbech v. Sherman*, 12 How. Prac. 472; *Dunham v. Westerman*, 3 Smith, 9; *Bank v. Jamison*, 15 How. Prac. 41; *Weitemberger v. Edgerton*, 30 Barb. 187; *Lawless v. Heackett*, 16 John. 149; *Dunham v. Waterman*, 17 N. Y. 9; *Schoolcraft v. Thompson*, 7 How. Prac. 446; *Yandall v. Firm*, 23 Barb. 652. (3) Interest was computed in favor of Ward & Foster in the confession or statement, and went to swell the judgment to a greater sum than was due them. The suit is on an account; no demand had been made and no interest was, therefore, due; there is included in the confession four hundred dollars more for disbursement on account of cattle, than was due, as appears from Ward & Foster's books, and for these reasons judgment cannot stand as against creditors. R. S., sec. 2723; *Stone v. Evans*, 38 Mo. 461; *Phillips v. Laclede Co.*, 76 Mo. 68; *Thompson v. School District*, 71 Mo. 501; *Southgate v. Railroad*, 61 Mo. 95; *Ayers v. Hayes*, 13 Mo. 252; R. S., sec. 2497; *Fairfield. v. Pickering*, 12 Pick. 398; *Taafe v. Josephson*, 7 Cal. 355; *McKenty v. Guldevin*, 10 Cal. 227; *Scales v. Scott*, 13 Cal. 76; *Gardier v. Schloss*, 18 Cal. 581; *Wilcoxen v. Burton*, 27 Cal. 228. (4) Finally this confessed judgment is fraudulent in fact as to these plaintiffs and other creditors. Foster & Co. and R. R.

Foster were engaged in a scheme to cheat and defraud their creditors, and the confession of these judgments was a part of that scheme. And C. G. Foster, acting for himself and partner Ward, was cognizant of, and connected with, that scheme, by direct knowledge and through his brother R. R., whom he made his agent to attend to the whole matter. C. G. having made R. R. his agent, is chargeable with R. R.'s fraudulent intent and acts in the matter. *Rogers v. Palmer*, 102 U. S. 263; *Bank v. Hoeber*, 11 Mo. App. 475; s. c., 88 Mo. 37; *Hopkins v. Lambert*, 58 Mo. 501; *Chandler v. Freeman*, 50 Mo. 239; *Burgert v. Borchert*, 59 Mo. 80; *Gas Co. v. Gree*, 66 Mo. 512; *McNichols v. Rubleman*, 13 Mo. App. 522; Bump on Fraud. Con. 53.

*Frank K. Ryan* and *Chester H. Krum* for respondents.

(1) The confession of judgment in favor of C. G. Foster against R. R. Foster is perfectly good under the statutes of this state. (*a*) The judgment was not impaired in any way because the confession omitted to state the dates and amounts of all the interest payments on the two loans of three thousand dollars and two thousand dollars respectively. *Frost v. Koon*, 30 N. Y. 428; *Clements v. Gerow*, 1 Keyes, 297; *Gandall v. Finn*, 1 Keyes, 217; *Neusbaum v. Keim*, 24 N. Y. 325; *Bryan v. Miller*, 28 Mo. 34; *Freligh v. Brink*, 22 N. Y. 418. (*b*) The court below held that there was no insufficiency of the confession of judgment in the above respect; but if there had been, and too much interest had been charged, it would have been competent for the court to have corrected the judgment in that regard. And it is competent for this court to make such correction if it be necessary. *Harrison v. Gibbons*, 71 N. Y. 59; *Adam v. Arnold*, 86 Ill. 185; *Davenport v. Wright*, 51 Pa. Stat. 292; *Kent v. Chalfant*, 7 Minn. 487; *Zuckerman v. Solomon*, 73 Ill. 130. (2) It is immaterial what was the purpose of R. R. Foster with reference

to his creditors generally. It is enough that the debt, for which he confessed judgment, was a *bona-fide* debt; and, such being the case, it is the established rule of this court that it is entirely competent for a creditor to except a preference, although the purpose of the debtor is thereby to postpone the claims and demands of other creditors, and, although the creditor who receives the preference knows that the effect of such preference will be to defer, or to hinder, or delay other creditors, and that the debtor intended that it should have that effect. *Shelley v. Boothe*, 73 Mo. 74. (3) The confession of judgment in favor of Ward & Foster is perfectly good upon the authority of the cases heretofore cited. It is certain to a common intent. No other or higher degree of certainty is required. If the confession does not in itself present a concise statement of the facts out of which the indebtedness arose, then the deficiency in this respect was remedied by the schedule which was filed with it and constituted a part of it. *Hamann v. Keinhart*, 11 Abbott, 132; *Clements v. Gerow*, 1 Keyes, 298; *Harrison v. Gibbons*, 71 N. Y. 61. (a) The point made by appellants with reference to interest is absolutely without merit. In the absence of testimony of an express agreement it will be presumed that interest was paid in pursuance of a valid agreement, although no such agreement was shown by the statement upon which the judgment was confessed. *Freligh v. Brink*, 22 N. Y. 418; *Neusbaum v. Keim*, 24 N. Y. 325; *Harrison v. Gibbons*, 71 N. Y. 61. (b) As heretofore shown, if there was any error in this respect in the confession of judgment that error is not to be considered as having invalidated the entire judgment. It was, and is, open for correction and the judgment may be modified if necessary in this respect. (c) The evidence failed to show any collusion between the preferred creditors and their debtor. The point made that the debtor entertained a fraudulent purpose, and that as he was the agent of his creditors in confessing the judgment, they are

bound by the legal consequence of such fraudulent purpose on the part of a debtor, is a point absolutely without merit.	The cases cited by the appellants beginning with *Rogers v. Palmer*, 102 U. S. 263 and ending with *Bank v. Hoeber*, 88 Mo. 87, depend altogether upon the rule that a principal is bound by the knowledge of his agent acquired in the transaction of the business which the agent is authorized to transact, but the cases now before the court do not depend upon principles affecting the relation of principals and agents.	They are cases merely of debtors and creditors.	The debtor has merely availed himself of a process which obviates the necessity of a suit and the creditor has acquiesced in the result.

BRACE, J.—These three cases are submitted on one record.

At the April term, 1885, of the circuit court of St. Louis, and on the morning of the twentieth of said month, defendants, Ralph R. Foster and James R. Ryan, partners doing business under the firm name of R. R. Foster & Company, at St. Louis, confessed judgment in favor of their co-defendants, Henry C. Ward and Charles G. Foster, partners doing business under the firm name of Ward & Foster in New York, for the sum of $15,440.92 and in favor of the Bank of Commerce for the sum of five thousand dollars, and the said defendant, Ralph R. Foster, confessed judgment in favor of his said co-defendant, Charles G. Foster, for the sum of $5,882.41.	Executions were immediately issued on these judgments and levied as follows : The one in favor of Ward & Foster, at 10:55, a. m., on all the teas and cigars on the first floor, and all the cigars on the second floor of 309 North Second street as the property of R. R. Foster & Company ; the one in favor of the bank at 11:15, a. m., on all the teas on the second, third and fourth floors of number 311 North Second street as the property of the said R. R. Foster & Company ; and the one in favor of Charles G. Foster at 12:10, p. m., on a

lot of cattle, horses, hogs, etc., as the property of the said Ralph R. Foster.

At 10:30, a. m., a few minutes before these levies were made, a deed and mortgage were filed in the office of the recorder from Ralph R. Foster conveying his real estate to his brother, William M. Foster, and a mortgage on all his household property, the consideration in the deed being fifteen hundred dollars, and the note in the mortgage being for the same amount. At 12:53, p. m., a few minutes after the last of the levies was made, there was filed in the office of the recorder a general deed of assignment from said R. R. Foster & Company, to R. D. Lancaster, of all their property, subject to existing liens for the benefit of their creditors. At the time these judgments were confessed and levies and transfers made, Foster & Company and R. R. Foster were insolvent, and they covered the whole of their property.

On the twenty-third of April, 1885, plaintiffs Hard & Rand sued out a writ of attachment in an action against R. R. Foster & Company, in which judgment was afterwards rendered for $9,061.43 and, on the same day, caused the same to be levied upon the property held by the sheriff under the execution in favor of Ward & Foster against R. R. Foster & Company. On the same day, plaintiffs Chase & Weir sued out a writ of attachment in an action against R. R. Foster & Company in which judgment was afterwards rendered for $11,519.58, and, on the same day, caused the same to be levied upon the same property theretofore levied upon under the execution in favor of Ward & Foster and the attachment in favor of Hard & Rand, and also upon the property theretofore levied upon under the execution in favor of the bank, and on the eleventh of May ensuing, upon all the property upon which the execution on the judgment of Charles G. Foster against R. R. Foster had been levied, as the individual property of said R. R. Foster.

Hard v. Foster.

Hard & Rand, after the levy of their attachment on the twenty-third of April and on the same day, filed their petition in this present suit. On the twenty-fifth of April, some of the property on which the Ward & Foster execution, and some on which the bank execution had been levied, was replevied by other parties from the sheriff. On the twenty-fifth of May, Chase & Weir filed the petition in their present two suits now under consideration on this record, in connection with that of Hard & Rand, and in which, as attaching creditors under Revised Statutes, 1879, section 448, they each seek to set aside the lien of the levy under the execution on the confessed judgments aforesaid in favor of Ward & Foster and Charles G. Foster, who, with the sheriff Henry F. Harrington, R. R. Foster & Company and R. R. Foster are made parties defendant.

On the twenty-fifth of July, the individual property of R. R. Foster, levied upon by virtue of the execution on judgment confessed in favor of Charles G. Foster, was sold by the sheriff for the net sum of $6,270.94 ; and on the twenty-seventh of July, the property of R. R. Foster & Company, levied upon by virtue of the execution on the judgment confessed in favor of Ward & Foster, was sold by the sheriff for the net sum of $21,664.19, and these amounts are in the hands of the sheriff awaiting the decisions of these cases.

Revised Statutes, 1879, section 448, provides that: " Any attaching creditor may maintain an action for the purpose of setting aside any fraudulent conveyance, assignment, charge, lien or incumbrance upon any property attached in any action instituted by him." The parties in these actions confine their attack to the two judgments confessed in favor of Ward & Foster, and Charles G. Foster. The property conveyed in the deed and mortgage was not attached by them, and the judgment confessed in favor of the Bank of Commerce and

the assignment to Lancaster are not attacked, and neither the bank nor the assignee are made parties.

A careful consideration of all the evidence in the case leads to the following conclusion of facts: That on the first of January, 1885, the concern of R. R. Foster & Company was insolvent, and that their condition was known to the members of the firm; that while Ryan was nominally a member of the firm, he had no real interest in the concern and was in fact a mere employe, upon a salary, of Foster, who owned the whole concern; that about that time, they conceived and commenced carrying out a scheme to defraud their creditors by buying on credit large amounts of goods, and selling them for cash at reduced prices; that they worked the scheme assiduously, successfully and continuously from that time during the months of January, February and March and until about the eighth of April, when Foster mailed to his brother, the defendant Charles G. Foster, a member of the firm of Ward & Foster, commission merchants in New York City, the following letter:

"St. Louis, April 8th, 1885.

"*Dear Charles:*—Everything in the way of business seems to be going wrong, and as we have lots of big payments before long, I am afraid we won't pull through. I expect most likely that we will make an assignment, but I want to secure you first, both what is due W. & F. and what is due you also. We have a note, $1,044.38 due the fourteenth inst., and then one the sixteenth for seven thousand dollars, which I shall have Fred renew and send the money to you to pay it, but don't expect to go much longer than that. I shall secure him also. Wire me that you have received this and return papers. Don't say anything to Henry or anybody else about this, except if you see Fred you can talk with him about it, as I shall advise him also.

"( Signed )                Yours truly,

"RALPH."

Hard v. Foster.

And received in reply the following letters :

"OFFICE OF WARD & FOSTER, 42 PEARL STREET,
"NEW YORK, April 10th, 1885.

"*Messrs. R. R. Foster & Co.—Dear Sirs:* In reference to what you say about your business troubles, I consent to your confessing judgment in my favor, for the amount due me, and wish you to have everything done for me that is necessary to secure me in that or any other way. Yours truly,
"( Signed ) CHARLES G. FOSTER."

"OFFICE OF WARD & FOSTER, 42 PEARL ST.,
"NEW YORK, April 10, 1885.

"*Messrs. R. R. Foster & Co.—Dear Sirs:* In reference to what you say about your business troubles, we consent to your confessing judgment in our favor for the amount due us, and wish you to have everything done for us that is necessary to secure us in that or any other way. Yours truly ( signed ), WARD & FOSTER."

These letters, it appears from the evidence, were copies of memorandums sent in the letter from Ralph to Charles G. Foster, and by mistake the one signed Charles G. Foster was addressed to R. R. Foster & Company, instead of R. R. Foster, as it should have been, which led to the following telegrams :

"NEW YORK, April 20, 1885.

"*Ralph R. Foster:*—I want you to have everything done that you think is necessary for my protection. ( Signed ) CHAS. G. FOSTER."

"NEW YORK, April 20, 1885.

"*Ralph R. Foster:*—Have wired in my individual name. Is the dispatch right, and do you want anything in firm's name? ( Signed ) CHAS. G. FOSTER."

The amount for which the judgment was confessed by R. R. Foster & Company, in favor of Ward & Foster,

was a balance due on account with them as correspondents and bankers of the firm of R. R. Foster & Company, running from June 17, 1880, to April 18, 1885, inclusive, the particulars of which appeared by a schedule filed with the statement setting forth all the items of the account including all the credits and debits with the date and amount thereof. The amount for which judgment was confessed by R. R. Foster in favor of Charles G. Foster, was the sum of two loans, one for three thousand dollars, on the twenty-fourth of June, 1878, and one for two thousand dollars, on the first of March, 1881, and the unpaid interest thereon at the date of the judgment.

I. The trial court found that these were honest, *bona-fide* debts, due from the judgment debtor to his said judgment creditors at the time the judgments were confessed; that Ward & Foster and Charles G. Foster consented to the confession of judgment in their favor without knowledge of, or participation in, the scheme of R. R. Foster & Company, to defraud their creditors, and for the purpose of securing their own debts and not for the purpose of hindering, delaying or defrauding other creditors of the said Foster or Foster & Company, and the evidence sustains this finding of the court, and leads us to the same conclusion, even if we were not in the habit of deferring somewhat to that reached by the chancellor, which, however, has been the invariable practice of this court. *Broughton v. Brand*, 94 Mo. 169; *Snell v. Harrison*, 83 Mo. 651; *Erskine v. Loewenstein*, 82 Mo. 301. And under the law of this state which permits a debtor to prefer one creditor to another, when such creditor is not guilty of a fraud in securing such preference, these judgments and the lien of the executions thereunder must stand, unless, as matter of law, the judgments in themselves are defective, or by reason of the attendant circumstances are fraudulent, or the levies have become

so by reason of the proceedings of the creditor thereupon. *Sexton v. Anderson*, 95 Mo. 373; *Albert v. Besel*, 88 Mo. 150; *Shelley v. Boothe*, 73 Mo. 74.

II. As required by Revised Statutes, 1879, section 3697, the statements upon which the judgments were confessed, were in writing, signed by the defendant and verified by his affidavit, and in each stated the amount for which judgment might be rendered, and authorized the entry of judgment thereon, and that it was for money due, and stated in detail the facts out of which the indebtedness arose. But it is urged that the statement is in each case fatally defective, in that it does not show that the whole of the sum confessed for judgment is justly due, in this: That in the statement of Foster & Company's indebtedness to Ward & Foster for judgment in their favor, in the schedule is included an item charged at $702.76, which, according to the evidence, ought to have been only $302.76, and five items of interest, amounting in the aggregate to $1152.88, which it fails to show were based upon any prior demand, or agreement to pay interest, and four items amounting in the aggregate to $7,184.33, between the twenty-second of February, 1883, and November 1, 1884, which it is charged was the individual indebtedness of R. R. Foster, on account of a cattle transaction.

(*a*) The discrepancy of four hundred dollars between the schedule charge and the evidence contained in one of the depositions, the trial judge was satisfied, was the result of a clerical error, either in the schedule or in the deposition, and was of the opinion, from other evidence in the case, that the error was in the deposition, and the evidence in regard thereto is insufficient to avoid the judgment.

(*b*) The charges for interest are annual charges, at the end of the respective years during the currency of the account, on the average balances due from the defendants to their correspondents, for moneys advanced beyond their remittances, as appears by the

schedule, and the allegation in the statement is "that said balance of $15,440.92 includes interest on said loans and advances and payments to this date." These charges are so evidently fair and just, so in accordance with the general course of business between bankers and their customers, that the absence of an averment of a special agreement to pay such interest, instead of constituting a badge of fraud, ought to be supplied by necessary intendment in support of a judgment. *Freligh v. Brink*, 22 N. Y. 418; *Harrison v. Gibbons*, 71 N. Y. 58; *Clements v. Gerow*, 1 Keyes [N. Y.] 297.

(c) Judge THAYER, before whom these cases were tried, thus satisfactorily disposed of the third objection urged against this judgment: "There is no merit in the point that the Ward & Foster confession is void because it includes an individual debt of R. R. Foster. In the first place, the evidence shows that Ward & Foster were ordered to pay for the cattle and to charge the amount to the account of R. R. Foster & Company, and that the charge was so made. The firm of R. R. Foster & Company appear to have treated this item as properly charged to their account, and no doubt exists in my mind that the last-named firm became bound to Ward & Foster for the full amount. In the second place, there is no evidence of the insolvency of R. R. Foster & Company at the date of the cattle transaction, and furthermore, the evidence shows that remittances were made to Ward & Foster to cover that particular expedition." This would seem to be a sufficient answer, leaving out of view the fact that R. R. Foster alone really constituted the firm of R. R. Foster & Company, and that his consent was Ryan's consent. *Sexton v. Anderson*, *supra*, and authorities cited.

III. It is urged that the statement upon which judgment was confessed by R. R. Foster in favor of Charles G. Foster is insufficient in that it appears that, included in the amount confessed, is an amount for interest when none was due according to the statement, or if any was

due, the statement is not sufficiently specific as to the payment made on account thereof.

(*a*) According to the statement, R. R. Foster, on the twenty-fourth day of June, 1878, borrowed of Charles G. Foster the sum of three thousand dollars, and on the first day of March, 1881, the further sum of two thousand dollars, which several sums, at the several dates aforesaid, the said R. R. Foster promised to pay to the said Charles G. Foster with interest, on demand. The statement then goes on to give the purpose for which he borrowed the money. An express promise to pay interest is here alleged, but no rate having been agreed upon, the law fixes the rate at six per cent. R. S. 1879, sec. 2723. The plain import of the language is that he promised to pay the principal, with interest from the date of the loans on demand, and these principal sums bear interest from that date at the rate of six per cent. *Pittman, Adm'r, v. Barrett,* 34 Mo. 84; *Green v. Kennedy,* 6 Mo. App. 577.

(*b*) The substance of the statement in regard to the interest account on these loans, is that the defendant had paid all the accrued interest on these loans up to the first of November, 1881, except $297.88 according to an accounting had between him and the said Charles G. Foster, on the eleventh of November, 1881 ; that upon the interest of these loans, accrued between the first of November, 1881, and the thirty-first day of December, 1884, he had paid all except $490.94, making the sum of $5,788.80 the amount of principal and interest found to be due the said Charles G. Foster upon an accounting had with him at the last-mentioned date, and since that time, the further sum of $93.09 has accrued as interest on said loans, making the total sum for which he confesses judgment. It does not necessarily appear from the statement, that compound interest is charged in ascertaining the balance due, and in the absence of any proof it will not be presumed against the judgment that such was the fact. If any such interest is included, the

amount is too insignificant to cast suspicion upon the *bona fides* of the transaction. But the argument most strongly urged against this interest account is, that it does not give the dates and amounts of the payments so that the correctness of the amount claimed to be due can be verified to a cent upon the face of the statement, and it must be conceded that if our statute in regard to confessions of judgment require this particularity of statement in this respect the statement is defective. But we do not so understand the law. The terms of the statute are that it must state concisely the facts out of which the indebtedness arose, "and must show that the sum confessed therefor is justly due." R. S. 1879, sec. 3697. The terms of the statute contemplate a brief and compendious statement as distinguished from one descending into particulars. "It is not necessary that the statement should be as particular as a bill of particulars, but it ought to be sufficiently particular to afford a clew to a creditor if there is fraud and he desires to investigate it." (*Bryan v. Miller*, 28 Mo. 32.) The policy in requiring a verified statement, being "to point the other creditors of the debtor to the precise transaction out of which the confessed indebtedness arose, to enable them to inquire into its truth, and to confine the creditors to whom the judgment is confessed to the particular matter set forth as the foundation of the judgment in case its good faith should be attacked." *Bryan v. Miller*, *supra;* *Stern v. Mayer*, 19 Mo. App. 511; *Mechanic's Bank v. Mayer*, 93 Mo. 417.

There are just three items of interest confessed in the judgment, one for $93.09 interest on the two loans from December 31, 1884, to date of judgment, one for $490.94, unpaid interest on said loans from November 1, 1881, to December, 31, 1884; and one for $297.88, unpaid interest on said loans from date thereof to the first of November, 1881. The precise transaction out of which this indebtedness arose is pointed out so that the judgment creditors

can be confined to the particular matter stated as the foundation of the judgment, and here are clews by which other creditors are enabled to enquire into the truth of the statement as to the amount of each item of interest, thus shown in a general way to be justly due at the date of the judgment. Such a statement seems to be within the principle of the cases cited from this state and of the following cases from New York, whence came our statute on the subject. *Chappel v. Chappel*, 12 N. Y. 215; *Lanning v. Carpenter*, 20 N. Y. 447; *Freligh v. Brink, supra; Neusbaum v. Keim*, 24 N. Y. 325; *Acker v. Acker*, 1 Keyes (N. Y.) 291; *Clements v. Gerow, supra; Frost v. Koon*, 30 N. Y. 428; *Harrison v. Gibbons, supra.*

IV. Prior to the twentieth of April, R. R. Foster had undoubtedly been engaged in a scheme to defraud his creditors. On that day he confessed judgments and made conveyance of every dollar's worth of property, his scheme had left in sight for his creditors. In these conveyances he undertook to give a preference to some over other creditors. There is no evidence tending to show fraud upon the part of any of these creditors in accepting this preference. If Foster had any sinister purpose in making this preference, the evidence does not disclose it, but if he had, that purpose cannot be imputed to Ward & Foster or Charles G. Foster, because of their consent to his confessing judgment in their favor. Such consent does not create the relation of principal and agent but is a necessary condition of the *bona-fide* relation of plaintiff and defendant in the judgment, in which both are principals, and the guilty knowledge or purpose of the defendant cannot be imputed to the innocent plaintiff.

V. As to the complaint in regard to excessive levy, and holding up the execution, it is only necessary to say: The sales demonstrate that the levies were not unreasonably excessive under the circumstances and the delay in the sales was the result of the agreement of the

creditors interested in the property, including the plaintiffs in these suits.

VI.  On the oral argument of these cases, the appellants advanced the proposition "that the confession of judgment and assignment made by Ralph R. Foster & Company constituted together one transaction, viz., a voluntary assignment for the equal benefit of all creditors, and that the preference sought to be given by the confession of judgment must be held to be void, and the proceeds in the hands of the sheriff must go to all the creditors equally."   This presents an interesting and very important question, and one that has not yet been passed upon in this court, but one that is not embraced within the issues of the pleadings, not mooted in, or passed upon by, the trial court, and that plaintiffs are not in a position to urge, in these cases, and for the determination of which other parties are necessary and an entire change of front on the part of the plaintiffs. The position of the plaintiffs on the record here, is that of attaching creditors asking that the liens acquired under the confessed judgments be annulled for fraud, and the property subjected to their judgments in attachment to the extent of their whole claim.   The position they assume in this last contention is necessarily that these judgments are not void for fraud but are valid parts of one transaction, which is a general assignment for the equal benefit of all the creditors in which they, as well as the defendant judgment creditors herein, would be included.   When the assignee or they, as general creditors, come and ask that this property be administered under the general assignment law for the benefit of all creditors, they will have a standing in court that would authorize a decision of the question suggested, but for its complete determination, it is not seen how the judgments confessed in favor of Ward & Foster and Chas. G. Foster and the assignment to Lancaster can be considered as one transaction, without also including the deed and mortgage to William M.

Foster and the judgment confessed in favor of the Bank of Commerce. In such a proceeding, all the parties in interest should be made parties, and the dismissal of plaintiffs' bill in these actions would in no way prejudice their standing, each, as one of such general creditors, entitled to a distributive share under the assignment, if so found to be, in a proceeding in which all the parties in interest have had an opportunity to be heard.

As was said in the case of *Sexton v. Anderson, supra,* in which a suggestion similar to the one made in the present case was made, "on the case made the court committed no error," and its judgment dismissing the plaintiffs' bill in each of these cases is affirmed. All concur.