J. H. TEASDALE COMMISSION COMPANY, Appellant, v. MARGARET VAN HARDENBERG *et al.*, Respondents.

St. Louis Court of Appeals, March 21, 1893.

Confession of Judgments: SUFFICIENCY OF THE STATEMENT. The statement of the facts out of which the indebtedness arose, which is filed as the basis of a judgment by confession, will be sufficient, if the consideration of the judgment is fixed thereby so that the judgment debtor and creditor are prevented from shifting it, and it is such as the law recognizes as valuable, and if the origin of the debt is given with sufficient detail to furnish a clue to an attacking creditor, enabling him to start an investigation into the adequacy and good faith of the transaction. And *held*, that the statement in question herein was sufficient under this rule.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

AFFIRMED.

*Silas B. Jones*, for appellant.

*Sale & Sale*; for respondents.

ROMBAUER, P. J.—On the third day of June, 1892, the defendant Van Hardenberg confessed a judgment in favor of the defendant Kamper.    An execution was issued on this judgment at once and placed in the hands of the defendant, Stead, who is sheriff, and was levied by the latter on some teams, feed and furniture, the property of said Van Hardenberg.    The plaintiff, who was a creditor of Van Hardenberg at the date of the confession of the judgment, sued out a writ of attachment against her after such confession, and caused the same to be levied on the same property on which the sheriff levied the Kamper execution, and subject to said

execution. The plaintiff thereupon instituted the present. action, the object whereof is to postpone the lien of Kamper's execution to the lien of plaintiff's attachment, on the ground that the statement of the indebtedness contained in the confession of judgment is not such as the statute requires. The defendants filed a demurrer to plaintiff's petition, which the court sustained, and, the plaintiff refusing to plead further, judgment was entered against it on the demurrer, to reverse which the present appeal is prosecuted.

The statement of the indebtedness in the confession of judgment is thus set out in plaintiff's petition:

"Prior to the twelfth day of January, 1892, the undersigned, Margaret Van Hardenberg, and the said William Kamper were co-partners in business under the name and style of M. Van Hardenberg & Co. in this city, conducting a wholesale and retail feed store at 3404 Lindell avenue in this city, said business having been conducted by said partners from the twenty-ninth day of December, 1891, to that time. On or about said twelfth day of January, 1892, the said William Kamper being desirous of withdrawing from said co-partnership, the undersigned purchased of said Kamper, at and for the agreed price of $3,000, all his right, title and interest in the assets and property of said business, the undersigned agreeing to hold said Kamper harmless against any and all liabilities of the aforementioned firm or business. In settlement of the sum so agreed to be paid by me, the note hereinbefore set out was executed, the said note being dated on the twenty-ninth day of December, 1891, for the reason that the contract of purchase was to take effect as of that date. The said William Kamper is the holder and owner of said note, and no part thereof or of the interest thereon has been paid, but the whole sum of $3,077.50 is now due and

owing thereon according to the tenor and effect of said note.''

The affidavit, which under the requirements of the statute must have been annexed to this confession of judgment before it could be entered, is not set out in plaintiff's petition, nor are other parts of the confession of judgment bearing on the mere question of good faith; and we must, therefore, assume that the statement and affidavit in those respects did comply with the statutory requirements.

The statute requires among other things that, if a judgment be confessed for money due or to become due, the statement '' must state concisely the facts out of which it arose.'' Whether the statement above set out complies with this requirement of the statute, is the only question before us.

It was decided in *Bryan v. Miller*, 28 Mo. 32, '' that the policy of the law, in requiring verified statements to state concisely the facts out which the indebtedness arose, is to point the other creditors of the debtor *to the precise transaction* out of which the confessed indebtedness arose, to enable them to inquire into its truth, and to *confine the defendants and creditors to whom the judgment is confessed to the particular matter set forth, as the foundation of the judgment*, in case its good faith should be attacked.'' The words italicized by us show the bearing of that decision, and the test to be applied to such judgments. In that case the confession was on a note, stated to have been given for goods, wares and merchandise, sold by the plaintiffs to the defendant prior to the date of the note. The court decided that this statement was insufficient, because neither the dates of the sales nor the property sold was given; hence, it contained nothing which would enable a creditor to make inquiries into the good faith of the transaction. But the court expressly stated that it was not necessary

that the statement should be as particular as a bill of particulars, and that it was sufficient if it furnished a clue to a creditor, enabling him to investigate the transaction. This case was followed by *How v. Dorscheimer*, 31 Mo. 350, wherein it was held that the statement, without more, that the debt was due on a promissory note was insufficient, and by *McHenry v. Shephard*, 2 Mo. App. 378, in which it was held that a statement, without more, that A executed a note to B which was indorsed by B and C, was not a sufficient statement for supporting a confession of judgment by B in favor of C. On the other hand, it was held in *Bank v. Mayer*, 93 Mo. 417, that a statement to the effect that the note on which the judgment was confessed was sold by the judgment debtor to the judgment creditor for its full value less discount, giving the amount but not the date of sale, was sufficient.

So in *Hard v. Foster*, 98 Mo. 297, it was held that a confession of judgment for money borrowed containing items of interest was not invalid, because it failed to state the rate of interest which was agreed to be paid, or how much interest had been paid, or at what dates. The court in that case reiterates the statement used by Judge RICHARDSON in *Bryan v. Miller*, *supra*, that it is sufficient if the statement *identifies the transaction, and furnishes a sufficient clue to the indebtedness*, and that the statute does not contemplate a bill of particulars. In the later case of *Claflin v. Dodson*, 19 S. W. Rep. 711, the court held that the purposes of the statute are satisfied *when a sufficient clue* is afforded to a creditor to enable him *to start an investigation* as to the honesty and good faith of the transaction.

Taking all the Missouri cases on this subject, we think they clearly note the line of demarcation between a sufficient and insufficient statement. *First*, a statement to be sufficient must *identify the transaction*, out

of which the indebtedness arose, sufficiently to prevent the judgment debtor or creditor from shifting his ground in case the judgment is attacked. It was for failure to do this that the statements in the cases above cited of *Bryan v. Miller, How v. Dorscheimer* and *McHenry v. Shepard, supra,* were held insufficient. It is evident that in each of those cases the judgment creditor, in case the judgment was attacked, was not confined to proving any particular consideration. Next the statement must furnish a substantial and sufficient clue to enable the creditors of the judgment debtor to start an investigation. If the consideration of the judgment is fixed, so that the judgment debtor and creditor are prevented from shifting it, if the consideration is shown to be such as the law recognizes to be valuable, and if the origin of the debt is given with sufficient detail to furnish a clue to the attacking creditor, enabling him to start an investigation into the adequacy and good faith of the transaction, the requirements of the statute are satisfied.

Without attempting to reconcile the conflicting decisions in the state of New York on this subject (our statute being taken from that of New York) it suffices to say that the view above expressed is not opposed to the current of authority in that state. *Thompson v. Van Vechten,* 27 N. Y. 578; *Wood v. Mitchell,* 117 N. Y. 439. It is certainly in harmony with that entertained in other jurisdictions. *Atwater v. Savings Bank,* 45 Minn. 341; *Weinges v. Cash,* 15 S. C. 44.

Applying the rule as above stated to the facts of this case we must conclude that "the statement of facts out of which the indebtedness arose," above set out, is a sufficient compliance with the requirements of the statute. It does state the subjectmatter of the sale which forms the consideration of the note, namely, the interest of Kamper in the co-partnership business of

M. Van Hardenberg & Co. in a wholesale and retail feed store carried on at 3404 Lindell Avenue, in the city of St. Louis, subject to the debts of said co-partnership. It does state the date of the sale, and that it was for an agreed price of $3,000. It thus furnishes to every creditor a substantial clue to start an investigation into the inquiry of the adequacy of the consideration, and the good faith of the transaction, and prevents any possibility of shifting the consideration to something else. Giving a schedule of the assets and liabilities of the firm of M. Van Hardenberg & Co. would have been simply the giving of a bill of particulars, which every case decides need not be done. If the firm kept books and they are in existence (and nothing appears to the contrary), the good faith of the transaction and the adequacy of the consideration can readily be traced from the starting point given.

A creditor, who desires to question the validity of this transaction, would not be likely to place any faith in the correctness of a schedule, if one were furnished by his insolvent debtor, but would in all events rely on his own independent investigation. To enable him to start such investigation, if he so desire, this confession of judgment furnishes sufficient data.

All the judges concurring, the judgment is affirmed.